**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Samuel S. SMITH, Defendant-Appellant.**

No. 78–1508
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 5, 1978.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

James O. Brecher, Jacksonville, Fla. (Court-appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., John J. Daley, Jr., Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

**PER CURIAM:**

This appeal is taken from an order of the district court denying appellant's pretrial motion to dismiss the indictment against him on double jeopardy grounds. We affirm.

Appellant, a former circuit judge in the State of Florida, was convicted in April 1977 of conspiracy to distribute marijuana (21 U.S.C.A. § 846) and possession of marijuana with intent to distribute (21 U.S.C.A. § 841(a)(1)). His appeal is presently pending before this Court. In November 1977 appellant was indicted, with others, for conspiracy to conduct and participate in the affairs of the Third Judicial Circuit of the State of Florida through racketeering activity (18 U.S.C.A. § 1962(d)) and the substantive offense of racketeering (18 U.S.C.A. § 1962(c)).

█ Prior to trial on the racketeering indictment, appellant unsuccessfully moved to dismiss the indictment on double jeopardy grounds. The district court's pretrial denial of appellant's motion falls within the "collateral order" exception to the final judgment rule first announced in *Cohen v. Beneficial Ind. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and is an appealable "final decision" within the meaning of 28 U.S.C.A. § 1291. *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

█ The double jeopardy clause provides three related protections:

It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*United States v. Wilson*, 420 U.S. 332, 343, 95 S.Ct. 1013, 1021, 43 L.Ed.2d 232 (1975), *quoting North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Appellant seeks to invoke the second of these protections. In support of his double jeopardy claim, appellant notes that of the 72 overt acts alleged in this indictment, 5 relate to attempts to bribe or

enlist the aid of state officials in obtaining marijuana. Since these acts had also been alleged to support his earlier marijuana conspiracy conviction, appellant argues that the present prosecution is for the "same offense" charged in his previous marijuana trial.

■ The classic test for determining whether two offenses are "the same" for double jeopardy purposes was announced in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Blockburger* requires that each offense be examined to ascertain "whether each provision requires proof of an additional fact which the other does not." *Id.* at 304, 52 S.Ct. at 182; *Brown v. Ohio*, 432 U.S. 161, 168, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Jeffers v. United States*, 432 U.S. 137, 151, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977). Under the *Blockburger* test, also known as the "same evidence" rule, it is possible for a single criminal act or conspiracy to give rise to multiple separate offenses. *See Gore v. United States*, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958) (defendant convicted and received consecutive prison terms for three separate offenses arising out of single narcotics sale); *United States v. Houltin*, 525 F.2d 943 (5th Cir. 1976) (single conspiratorial agreement violated two specific conspiracy statutes; defendant's consecutive sentences affirmed), *vacated on other grounds sub nom. Croucher v. United States*, 429 U.S. 1034, 97 S.Ct. 725, 50 L.Ed.2d 745 (1977). Application of the test focuses on the statutory elements of the offenses charged. "If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1294, 43 L.Ed.2d 616 (1975). A cursory examination of the offenses involved here reveals that they are not the same.

■ The instant indictment charges appellant with violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.A. §§ 1961 *et seq.* Count Two charged appellant with violation of § 1962(c), which makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." Count One charged appellant and others with conspiring to violate § 1962(c), a violation of § 1962(d). A "pattern" of racketeering activity is defined under the Act as "at least two acts of racketeering activity . . . ." 18 U.S.C.A. § 1961(5). "Racketeering activity" is defined to include particular listed crimes indictable under federal or state law and traditionally associated with organized crime. *See* 18 U.S.C.A. § 1961(1). The RICO indictment in this case charges bribery of state officials, which qualifies as a "racketeering activity" under § 1961(1)(A), and acts relating to obstruction of justice and obstruction of a criminal investigation, which both qualify as racketeering activity under § 1961(1)(B). Although some of the bribery allegations relate to appellant's alleged involvement with marijuana, the RICO indictment does not allege the drug offenses as an independent "racketeering activity," as it could have under § 1961(1)(D).

Obviously, successful prosecution of the crimes charged under RICO will require proof of several facts that need not be proved under the marijuana offenses. To succeed on the substantive RICO count, Count Two, the Government must prove the existence of an "enterprise," that the enterprise engages in or its activities affect interstate or foreign commerce, and that appellant participated in the enterprise's affairs through at last two acts of bribery of state officials, obstruction of justice, or obstruction of a federal criminal investigation. The Government need not prove any of these facts in order to secure a conviction for possession of marijuana with intent to distribute under 21 U.S.C.A. § 841(a)(1).

To convict under the RICO conspiracy count, the Government must prove, in addition to the enterprise's nexus with inter-

state or foreign commerce, that appellant "objectively manifested an agreement to participate, directly or indirectly, in the affairs of [the] enterprise *through the commission of two or more predicate crimes."* *United States v. Elliot,* 571 F.2d 880 (5th Cir. 1978) (emphasis in original). The RICO conspiracy offense and the marijuana conspiracy offense do share one common element: an agreement—the essence of the crime of conspiracy—must be shown to secure a conviction under both statutes. But the resemblance ends there.

Similarly, successful prosecution of the marijuana offenses requires proof of an essential fact not required for conviction under the RICO counts: marijuana involvement. Clearly, the RICO offenses involved in this case are not the same as the narcotics offenses for which appellant was convicted in an earlier trial.

Nor can appellant avail himself of the "continuing offense" rule recently applied in *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). In *Brown* the Supreme Court held that under Ohio law the crimes of auto theft and joyriding are the same offense for double jeopardy purposes. The Court rejected the contention that defendant could nevertheless be subjected to successive prosecutions for the crimes because the charges against him focused on different parts of his 9-day joyride: "The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units." *Id.,* at 169, 97 S.Ct., at 2227.

Here, we are not faced with a single criminal act that occurs over a period of time. Indeed, the substantive offenses charged in this case do not even involve the same type of criminal activity. That appellant's alleged marijuana transaction may have been conducted concurrently with the alleged acts of bribery, obstruction of justice, and obstruction of criminal investigations hardly renders it a mere spatial unit in a single continuous offense.

Likewise, appellant's reliance on *Braverman v. United States,* 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942), is misplaced. In *Braverman* the Court dealt with a single agreement to commit acts in violation of seven substantive statutes. Defendants were charged with and convicted of seven counts of conspiring to violate a separate and distinct law. The Supreme Court held that defendants could be punished for only one offense: "The single agreement is the prohibited conspiracy, and however diverse its objects, it violates but a single statute, § 37 of the Criminal Code [now 18 U.S.C.A. § 371]. For such a violation, only the single penalty prescribed by the statute can be imposed." *Id.* at 54, 63 S.Ct. at 102.

*Braverman* is inapplicable to the instant case because, assuming the marijuana conspiracy is a part of the larger "enterprise" conspiracy alleged under RICO, an issue which cannot be resolved on the record before us, the conspiracy alleged here violates two specific conspiracy statutes. A single criminal conspiracy, no less than a single criminal act, may constitute two or more separate offenses, and Congress may choose to punish each offense without offending the double jeopardy clause. *See United States v. Houltin,* 525 F.2d 943, 950–51 (5th Cir. 1976). As we concluded earlier, the marijuana conspiracy and the RICO conspiracy, even if parts of a single larger conspiracy, are separate offenses; and by enacting both 21 U.S.C.A. § 846 and 18 U.S.C.A. § 1962(d), Congress clearly intended to punish them separately.

The instant prosecution under RICO does not violate appellant's double jeopardy rights. Accordingly, the district court did not err in denying appellant's motion to dismiss.

AFFIRMED.