UNITED STATES of America

v.

Robert Jay MEINSTER, Robert Elliott Platshorn, Lynne Platshorn, Eugene Arter Myers, Randall Gene Fisher, Modesto Echezarreta-Cruz, Richard Elliott Grant, Jr., Raul Davila-Jimeno, Mark Steven Phillips, Carl Jerry London, Gregory Francis Poulos, Ronald Benton Elliott, Defendants.

No. 79–165–Cr–JLK.

United States District Court,
S. D. Florida.

Sept. 5, 1979.

Dennis J. Cogan, Philadelphia, Pa., George A. Kokus, Miami, Fla., for Robert Jay Meinster.

Arnold C. Stream, Monasch, Chazen & Stream, New York City, for Robert Elliott Platshorn.

Melvin Kessler, Miami Beach, Fla., for Lynne Platshorn.

Rebekah J. Poston, Miami, Fla., for Eugene Arter Myers.

Samuel Sheres, Hallandale, Fla., for Randall Gene Fisher.

Gerald Kogan, Miami, Fla., for Modesto Echezarreta-Cruz.

Michael L. Brodsky, Miami, Fla., for Richard Elliott Grant, Jr.

Arthur W. Tifford, Miami, Fla., for Mark Stephen Phillips.

Denis Dean, Miami, Fla., for Carl Jerry London.

Joel Hirschhorn, Miami, Fla., for Gregory Francis Poulos.

Bruce H. Fleisher, Coral Gables, Fla., for Ronald Benton Elliott.

## ORDER DENYING MOTIONS TO DISMISS ON DOUBLE JEOPARDY GROUNDS

JAMES LAWRENCE KING, District Judge.

This matter arose upon the motions of the defendants, Robert Platshorn, Robert Meinster, Richard Grant and Mark Phillips, to dismiss the charges filed against them as barred under the Double Jeopardy and Speedy Trial Clauses of the Fifth and Sixth Amendments to the United States Constitution. In addition, the defendant Phillips contends that his acquittal on one of the charges for which he was tried previously precludes the government, under the principles of collateral estoppel, from introducing at this trial evidence of certain of the crimes charged in this indictment. All defendants have moved for an evidentiary hearing for the purpose of adducing evidence of the alleged prosecutorial misconduct in the (split-indictment) practice that gives rise to the double jeopardy claims. Finally, all defendants also have sought permission under 28 U.S.C. § 1292(b) for leave to appeal all portions of this order that may not be presented to the Court of Appeals as a matter of right.

In order to place the various double jeopardy claims in the proper perspective, a brief sketch of the 100 page, 36 count indictment presently pending against these and seven other defendants is appropriate. The grand jury has charged that the defendants were involved in a wide-ranging conspiracy to violate the Racketeering Influenced and Corrupt Organization (RICO) Statute. This conspiracy allegedly began in August 1974 and continued without interruption until April 1978, and involved the importation of multi-ton shipments of marijuana worth over three hundred million dollars. The defendants are charged with violating twelve different federal statutes in the course of this conspiracy, including: Continuing Criminal Enterprise, 21 U.S.C. § 848; Conspiracy to Commit Kidnapping Within the Special Aircraft Jurisdiction of the United States, 18 U.S.C. § 1201(a)(3) and (c); Obstruction of Justice, 18 U.S.C. § 1503; Making False Material Statements, 18 U.S.C. § 1623; Interstate and Foreign Travel in Air of Racketeering, 18 U.S.C. § 1952; Possession of a Controlled Substance with Intent to Distribute and Distribution, 21 U.S.C. § 841(a)(1); Use of a Communication Facility to Facilitate the Commission of a Felony, 21 U.S.C. § 843(b); Importation of a Controlled Substance, 21 U.S.C. § 952; Attempted Importation of a Controlled Substance, 21 U.S.C. § 963. A sequence of seven alleged criminal ventures during the four year period form the basis for these charges. An eighth criminal venture, for which four of the defendants were tried in North Carolina, is the basis upon which those defendants present their claims of double jeopardy. None of the substantive counts are based on this eighth venture, although some of the overt acts alleged as in furtherance of the RICO conspiracy arose from the eighth criminal venture. With this sketch in mind, the court

turns to the specific claims of each defendant.

### I.

■ The claims presented by Robert Platshorn and Robert Meinster are nearly identical, and therefore will be treated jointly. These two defendants were indicted by a North Carolina grand jury on June 19, 1978, and charged in a two count indictment with (1) conspiracy to import and possess with intent to distribute approximately eleven tons of marijuana, and (2) aiding and abetting this importation. At the time this indictment was returned, the Florida investigation which led to the indictment pending before this court was well under way, although there is some dispute as to how near completion the Florida investigation was at that time. By September 22, 1978, however, the Florida investigation was expected by the government to "culminate very shortly with an indictment" and the North Carolina prosecutor was directed to dismiss the conspiracy count of that indictment to avoid any double jeopardy problems that might be raised in this indictment. Therefore, Count 1 was dismissed, and Platshorn and Meinster were tried in North Carolina and convicted only on the charge of aiding and abetting.

In the presently pending indictment, Platshorn and Meinster are charged, in part, as follows:

Count 1: Conspiracy to violate the RICO statute, 18 U.S.C. § 1962(d).

Count 2: Violation of the RICO statute, 18 U.S.C. § 1962(c).

Count 34: Violation of the Continuing Criminal Enterprise Statute, 21 U.S.C. § 848.

The defendants argue that the aiding and abetting charge upon which they were convicted is a lesser included offense of each of the above three counts, and that this prosecution is therefore barred under the double jeopardy principles enunciated in *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

This court finds the defendants' argument unpersuasive. Applying the traditional double jeopardy approach, this court has determined that the elements of the aiding and abetting charge are not necessarily included as elements of the three counts described above. Proof of the aiding and abetting charge is not necessary to secure a conviction on any of those three charges. The court, therefore, rejects this argument.

Nor does this court accept the argument of the defendants that the aiding and abetting charge was, in reality, a mini-conspiracy charge that was carved out of the larger, unified conspiracy charged in this indictment. Although the proof of the aiding and abetting charge offered by the government in the North Carolina trial may have been similar to, or even the same as, the proof that would have been offered *if* the defendants had been tried on the dismissed conspiracy charge, the fact remains that the defendants were tried and put in jeopardy on only the substantive aiding and abetting count. The reliance placed by the defendants on *United States v. Ruigomez*, 576 F.2d 1149 (5th Cir. 1978), is therefore misplaced.

Under *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *United States v. Dunbar*, 591 F.2d 1190 (5th Cir. 1979); *United States v. Ballard*, 586 F.2d 1060 (5th Cir. 1978); and *United States v. Smith*, 574 F.2d 308 (5th Cir. 1978), this court holds that under this indictment the defendants have not been placed in jeopardy twice for the same offense, and the double jeopardy clause does not bar this prosecution.

### II.

The defendant, Platshorn, joined by the three previously tried defendants, has advanced an additional theory under which he claims that the double jeopardy clause bars the entire indictment as to the previously tried defendants. Under this theory the defendants claim that since the government knew of the alleged far ranging conspiracy and criminal enterprise at the time that the North Carolina indictment was returned, it

had a duty to bring all the charges at the same time and could not carve the "unified" criminal conspiracy and its spin-off substantive offenses into separate indictments. The genesis of this theory lies in the separate opinion of Justice Brennan in *Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959). As a part of this theory, the defendants include prosecutorial misconduct and Speedy Trial Claims. The alleged prosecutorial misconduct is said to have occurred in connection with the intradepartmental squabbling that resulted in the carved out indictments. The Speedy Trial Claim is based upon the delay in the Florida prosecution despite the knowledge of the allegedly criminal activities which formed the basis for the Florida indictment at the time of the North Carolina prosecution.

■■■ After carefully considering this argument, the court concludes that the defendants' claims are really due process claims that have been mischaracterized as double jeopardy claims. There may be a point at which successive trials of one defendant for crimes arising out of the same series of transactions abridge fundamental fairness and constitute a violation of due process. However, it is not a double jeopardy violation as long as the offenses remain distinct. Moreover, in this case, there was neither prosecutorial misconduct nor a violation of due process resulting from the charging practice. It was not an abuse of discretion for the government to bring two indictments based upon the extensive criminal conduct alleged here. Therefore, the motions to dismiss based upon these grounds are denied. The court notes that an evidentiary hearing to determine the nature of the prosecutorial indictment activities is unnecessary in view of this disposition. None of the facts that the defendants seek to elicit would change the analysis.

■■■ Finally, the court declines to certify this issue for the purposes of an interlocutory appeal under 28 U.S.C. § 1292(b). In this connection, the Speedy Trial Claim, is presented best after a full trial to deter-

mine the extent of prejudice caused to the defendant as the result of the delay. *See United States v. MacDonald,* 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978).

### III.

The defendants Grant and Phillips are in a slightly different posture than the defendants Platshorn and Meinster. Grant and Phillips were charged in separate indictments and tried separately under both the conspiracy count (which was dismissed as to Platshorn and Meinster) and the aiding and abetting count. The defendant, Grant, was convicted on both counts. The defendant, Phillips, was convicted on the conspiracy count and acquitted on the aiding and abetting count.

In the indictment presently pending before this court, neither the defendant Grant nor the defendant Phillips is charged in Count 1 with conspiracy to violate the RICO statute or with violation of the Continuing Criminal Enterprise Statute. As the government admits, double jeopardy considerations stemming from the previous conspiracy trial preclude a new prosecution on those charges. The defendants Grant and Phillips are charged, however, with the substantive RICO offense and with several substantive offenses which arise out of the overall conspiracy. The defendants contend that these charges are also barred by the double jeopardy clause.

For the reasons previously stated in Parts I and II of this order, the court rejects this contention. *See Brown v. Ohio, supra; United States v. Dunbar, supra; United States v. Ballard, supra; United States v. Smith, supra.*

### IV.

The defendant, Phillips, has moved to dismiss all the counts charged in the indictment against him on the grounds that the collateral estoppel effect which results from his prior acquittal on the aiding and abetting charge precludes the government from introducing evidence of the charged offenses.

1097

This court agrees that the government cannot introduce into evidence any fact which was necessarily resolved against the government at the previous trial of Phillips. *See United States v. Mespoulede*, 597 F.2d 329 (2nd Cir. 1979). However, on the record before this court it appears that the government may be able to prove the charged offenses without introducing evidence banned from this trial by collateral estoppel. Of course, this matter will ultimately have to be resolved during the course of the trial. Therefore, the motion to dismiss is denied.

Based upon the foregoing reasons and analysis, the court does

ORDER and ADJUDGE that the motions of the defendants Robert Platshorn and Robert Meinster to dismiss, on double jeopardy grounds, Count 1 (conspiracy to violate the RICO statute), Count 2 (violation of the RICO statute) and Count 34 (violation of the Continuing Criminal Enterprise Statute) are denied. It is further

ORDERED and ADJUDGED that the motion of the defendant, Robert Platshorn, to dismiss Counts 1, 2, 3, 4, 5, 7, 8, 13, 15, 20, 21, 22, 23, 25, 26, 28 and 34 based upon prosecutorial misconduct in the charging practice and speedy trial violations is denied. It is further

ORDERED and ADJUDGED that the motion of the defendant, Robert Meinster, to dismiss Counts 1, 2, 3, 4, 5, 7, 8, 12, 15, 22 and 34 based upon prosecutorial misconduct in the charging practice and speedy trial violations is denied. It is further

ORDERED and ADJUDGED that the motion of the defendant, Richard Elliott Grant, Jr., to dismiss Count 2 based upon double jeopardy grounds is denied. It is further

ORDERED and ADJUDGED that the motion of the defendant, Richard Elliott Grant, Jr., to dismiss Counts 2, 7, 8, 15, 22, 23, 26, 28 and 29 based upon prosecutorial misconduct in the charging practice and speedy trial violations is denied. It is further

ORDERED and ADJUDGED that the motion of the defendant, Mark Phillips, to dismiss Count 2 of the indictment based upon double jeopardy grounds is denied. It is further

ORDERED and ADJUDGED that the motion of the defendant, Mark Phillips, to dismiss Counts 2, 9, 10, 11, 15, 18 and 19 based upon prosecutorial misconduct in the charging practice and speedy trial violations is denied. It is further

ORDERED and ADJUDGED that the motion of the defendant, Mark Phillips, to dismiss Counts 2, 9, 10, 11, 15, 18, and 19 based upon collateral estoppel grounds is denied. It is further

ORDERED and ADJUDGED that the motions of the defendants for an evidentiary hearing is denied. It is further

ORDERED and ADJUDGED that the motions of the defendants for certification for appellate review under 28 U.S.C. § 1292(b) is denied. The trial of this case shall go forward as scheduled on September 17, 1979.