605 F.2d 1141
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Joseph SOLANO, Jr., Bobby Vernon England, Winston
Bryant McConney, Raymond Delbert Witt, Alan David Passaro,
Sharon Barger, Ralph Hubert Barger, Jr., John Palomar,
Donald Duane Smith, Bert S. Stefanson, James Dewey Witt,
Defendants-Appellants.
 Nos. 79-1596 to 79-1599 and 79-1603 to 79-1609.
 United States Court of Appeals,
Ninth Circuit.
 Oct. 5, 1979.
As Amended Oct. 19, 1979.
 
 Gilbert Eisenberg, Filippelli & Eisenberg, Kent A. Russell, San Francisco, Cal., Richard E. Hove, Sullivan, Nakahara, Du Bois and Hove, Oakland, Cal., for defendants-appellants.
 Sanford Svetcov, San Francisco, Cal., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before WALLACE, KENNEDY and TANG, Circuit Judges.
 TANG, Circuit Judge.
 
 
 1
 These consolidated appeals are brought by eleven defendants who have been jointly indicted. The appellants have been charged with various violations of the Racketeer Influenced and Corrupt Organizations (RICO) provisions of the Organized Crime Control Act of 1970, 18 U.S.C. § 1962(a)-(d). In addition, certain appellants face federal drug and firearms charges.
 
 
 2
 Each appellant alleges that the RICO prosecution should be barred on the ground of double jeopardy, and now appeals the district court's denial of his or her motion to dismiss. Appeals from denials of motions to dismiss based on double jeopardy are permissible prior to trial. Abney v. United States,431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). These appeals have been expedited, and were consolidated for oral argument and consideration.
 
 
 3
 Before addressing the arguments made by each appellant, we discuss several general legal issues that are common to many of the appeals before us.
 
 
 4
 * First, Abney allows pre-trial appeals from denials of double jeopardy claims alone. The Supreme Court was careful to note in this regard that:
 
 
 5
 Our conclusion that a defendant may seek immediate appellate review of a district court's rejection of his double jeopardy claim is based on the special considerations permeating claims of that nature which justify a departure from the normal rule of finality. Quite obviously, such considerations do not extend beyond the claim of former jeopardy . . . .
 
 
 6
 Abney, 431 U.S. at 663, 97 S.Ct. at 2042.
 
 
 7
 Several of the appellants present arguments that are based on the Due Process Clause, and other appellants ask this court to exercise its inherent supervisory power over district court proceedings. Insofar as such arguments do not directly invoke the Double Jeopardy Clause, they are not properly the subject of an Abney appeal and we decline to consider them at this stage of the proceedings. Similarly, a number of the appellants claim that by bringing this RICO prosecution the Government is violating various plea arrangements concerning prior offenses or acts. These appellants ask this court to enforce these agreements by barring the Government from using these offenses or acts at trial.
 
 
 8
 If the Government has agreed not to pursue certain criminal prosecutions in exchange for a guilty plea to other offenses, these plea arrangements must be respected. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). However, because claims relating to allegedly violated plea bargains are not strictly based upon the Double Jeopardy Clause, we will not consider such arguments in a pre-trial Abney appeal. We note that our holding here should not be construed as reflecting a decision on the merits of any of these claims; rather, we simply conclude that such claims are not properly before us now.
 
 
 9
 Second, various appellants allege that because they have been prosecuted in state court for acts that form part of the foundation of the federal RICO prosecution, they are being subjected to double jeopardy. These claims ignore the doctrine of dual sovereignty, which allows successive state and federal prosecutions for the same act. Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); United States v. Cordova, 537 F.2d 1073 (9th Cir.), Cert. denied, 429 U.S. 960, 97 S.Ct. 385, 50 L.Ed.2d 327 (1976).
 
 
 10
 Third, several appellants claim that they are being subjected to double jeopardy because they have already suffered federal prosecutions for acts that are now alleged as predicate offenses for purposes of the RICO prosecution. This court has held that a defendant can be convicted and separately punished both for the predicate acts which form the basis of a RICO charge, and for a substantive violation of RICO, without violating the Double Jeopardy Clause. United States v. Rone, 598 F.2d 564, 571 (9th Cir. 1979).
 
 
 11
 Finally, some appellants argue that the Government has violated a Department of Justice policy known as the Petite policy, which reflects a decision by the Justice Department not to prosecute crimes in federal court when there has been a state prosecution for substantially the same act. Such arguments are not properly the subject of an Abney appeal. Even if the issue were before us, this court has held that a violation of the Petite policy does not compel the dismissal of a federal prosecution. United States v. Snell,592 F.2d 1083, 1087 (9th Cir.), Cert. denied, --- U.S. ----, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979).
 
 
 12
 With these considerations in mind, we turn to the individual appeals.
 
 II
 A. United States v. Passaro, No. 79-1603
 
 13
 We first discuss Passaro's claims because they best highlight the general considerations we find important in determining the validity of a double jeopardy claim brought prior to trial.
 
 
 14
 Passaro was charged in 1978 with violating federal drug laws, and was convicted in March 1979 of manufacturing drugs and conspiracy to manufacture drugs in violation of 21 U.S.C. §§ 841(a), 846. He is charged in the present RICO prosecution both with a substantive violation of RICO, 18 U.S.C. § 1962(c), and with conspiracy to violate RICO, 18 U.S.C. § 1962(d).
 
 
 15
 The gravamen of Passaro's claim is that the drug conspiracy for which he was convicted in March 1979 falls within, or is completely subsumed under, the larger more unified conspiracy alleged in the present indictment. He bases this claim on the fact that the present indictment for conspiracy to violate RICO relies upon overt acts that either formed the basis of the March 1979 conviction, or that were known to the Government when it prosecuted Passaro on the federal drug charges. Although admitting that it is unclear at this point what evidence will be used by the Government in the present prosecution, he asserts that the same evidence will be offered in the RICO prosecution that was offered in the prior drug case. He consequently asks this court either to bar the RICO prosecution or remand his appeal for an evidentiary hearing to determine whether in fact the two prosecutions are for the same conspiracy.
 
 
 16
 Our discussion of Passaro's claim must begin with an analysis of the standard to be used to determine whether a given prosecution violates the Double Jeopardy Clause. The Supreme Court has concluded that(t)he Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted).
 
 
 17
 Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). The Brown Court further reasoned that where successive prosecutions are at stake, the Double Jeopardy Clause protects the accused from attempts by the Government "to secure additional punishment after a prior conviction and sentence . . . ." Id. at 166, 97 S.Ct. at 2225.
 
 
 18
 The traditional test to be applied in determining whether successive prosecutions are permissible was stated in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932):
 
 
 19
 The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.
 
 
 20
 This test centers on the elements of the crimes charged; if the crimes charged require "proof (of a fact) that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes . . . ." Brown v. Ohio, 432 U.S. at 166, 97 S.Ct. at 2225.
 
 
 21
 Although such a test appears easily applicable to most cases involving double jeopardy claims, it is not easily applied to complex conspiracy prosecutions. See, e. g., United States v. Stricklin, 591 F.2d 1112 (5th Cir. 1979). It is clear that the Government may not subdivide a single agreement into several agreements and hence several conspiracies because the agreement contemplates the violation of various penal statutes. Braverman v. United States, 317 U.S. 49, 52-53, 63 S.Ct. 99, 87 L.Ed. 23 (1942); Launius v. United States, 575 F.2d 770, 771 (9th Cir. 1978). It is also clear that the Government may not prosecute a defendant for conspiracy, and subsequently bring a second prosecution for another conspiracy based on a different statute, if the first conspiracy represents a lesser included offense of the second charge. Jeffers v. United States, 432 U.S. 137, 150-51, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977); Brown v. Ohio, 432 U.S. 161, 168, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).[1]
 
 
 22
 The problem confronting an appellate court in a pre-trial Abney appeal is that it is often impossible to tell before trial the degree to which two conspiracy charges overlap. Here, for example, the Government contends that it plans to show that the RICO conspiracy involved different individuals from those involved in the prior drug conspiracy, and that each conspiracy had a different illegal object. Although the Government apparently admits that much of the evidence to be used against Passaro in the RICO prosecution was either used or was available in the prior drug conspiracy conviction, it maintains that the RICO prosecution will prove the existence of a conspiracy sufficiently distinguishable from the prior drug conspiracy to avoid any double jeopardy problems.
 
 
 23
 Passaro would have this court remand this appeal to district court for an evidentiary hearing on the merits of the Government's claim. This we decline to do. Rather, we choose here to follow the established test set forth in Blockburger for determining the validity of double jeopardy claims. Specifically, if a defendant raises a claim of double jeopardy prior to trial, we must look at the elements of the offenses upon which the claim is based. If each involves the proof of fact that the other does not, Blockburger is satisfied.
 
 
 24
 Passaro admits that the RICO prosecution entails proving of certain facts, E. g. the existence of an enterprise affecting interstate commerce, that were not elements of the prior drug charge. Conversely, the prior drug conspiracy of necessity required the Government to prove involvement with illicit drugs; in the present RICO conspiracy, the Government must prove a conspiracy to engage in racketeering activity. Because racketeering activity in the abstract does not necessarily involve drug related activity, each statute involves elements which the other does not. See United States v. Smith, 574 F.2d 308, 310-11 (5th Cir.), Cert. denied, 439 U.S. 931, 99 S.Ct. 321, 58 L.Ed.2d 325 (1978). We therefore conclude that the denial of Passaro's claim here was appropriate.
 
 
 25
 We emphasize that this conclusion should not be construed as necessarily representing a final decision on the merits of Passaro's claim. While we hold that Passaro is not entitled to a pre-trial evidentiary hearing, if it becomes clear from the trial that Passaro is being prosecuted twice for the same conspiracy, he is free to raise such arguments after trial if he is convicted on the RICO conspiracy count.
 
 
 26
 The Government has argued that we should simultaneously rule that notwithstanding Passaro's arguments, separate conspiracy prosecutions and convictions are permissible where two specific conspiracy statutes have been violated. In light of our ruling that the Blockburger test has been satisfied, we need not reach that issue.
 
 
 27
 Passaro's remaining claims relate to either this court's supervisory powers or an alleged Petite policy violation. As is discussed in Section I of this opinion, the claim involving supervisory powers is not properly before us now. His claim based on a Petite policy violation is meritless. The pre-trial denial of Passaro's double jeopardy claim is affirmed.
 
 
 28
 The remaining appeals are governed by the legal principles heretofore discussed.
 
 B. United States v. Solano, No. 79-1596
 
 29
 Solano's double jeopardy claim relating to prior state offenses is meritless under the doctrine of dual sovereignty. His claim concerning a Petite policy violation is not a valid ground for dismissing the indictment. His claim that the Government is violating a prior plea bargain and that he is being denied due process are not properly before us, nor is his request that this court exercise its supervisory powers. The denial of Solano's claim of double jeopardy is affirmed.
 
 C. United States v. England, No. 79-1597
 
 30
 England is charged with conspiracy to violate RICO. In 1977 England was tried for various federal drug offenses, including conspiracy to manufacture drugs. During trial, the conspiracy charge was dropped pursuant to a plea arrangement. England argues that jeopardy attached as to that charge. He further argues, like Passaro, that the present RICO conspiracy charge is a second prosecution for the conspiracy that was dismissed in 1977.
 
 
 31
 Assuming arguendo that jeopardy attached on the dismissed conspiracy charge, we find that, for the reasons set forth in the discussion of Passaro's claim, the present RICO prosecution does not violate the Blockburger double jeopardy test. Moreover, any arguments based directly on violated plea bargains are not properly before us. The denial of England's double jeopardy claim is affirmed.
 
 D. United States v. McConney, No. 79-1598
 
 32
 Neither McConney's argument based on an implicit plea arrangement nor his due process claim are properly before us. His claim relating to his prior federal convictions is meritless under United States v. Rone, 598 F.2d 564, 571 (9th Cir. 1979). The denial of McConney's double jeopardy claim is affirmed.
 
 
 33
 E. United States v. Raymond Witt, No. 79-1599
 
 
 34
 Witt's arguments based on prior state charges are meritless under the doctrine of dual sovereignty. His due process argument is not properly before us. The denial of Witt's double jeopardy claim is affirmed.
 
 
 35
 F. United States v. Sharon Barger, No. 79-1604
 
 
 36
 Barger's claims that relate to state proceedings are meritless under the dual sovereignty doctrine. Her requests for rulings on her proposed motions In limine, as well as her due process claims, are not properly before us. The denial of her double jeopardy claim is affirmed.
 
 
 37
 G. United States v. Ralph Barger, No. 79-1605
 
 
 38
 Barger's arguments based on state proceedings are meritless under the doctrine of dual sovereignty. His claim relating to a prior federal firearms violation is denied under the authority of United States v. Rone, supra. The denial of his double jeopardy claim is affirmed.
 
 H. United States v. Palomar, No. 79-1606
 
 39
 Palomar's claims, which are based on state proceedings, are meritless under the doctrine of dual sovereignty. The denial of his claim of double jeopardy is affirmed.
 
 I. United States v. Smith, No. 79-1607
 
 40
 Smith's arguments are based on state proceedings and are meritless under the doctrine of dual sovereignty. The denial of his double jeopardy claim is affirmed.
 
 J. United States v. Stefanson, No. 79-1608
 
 41
 Stefanson's claims based on state proceedings are meritless under the dual sovereignty doctrine. His claim regarding a violated plea bargain is not properly before us. His argument relating to a prior federal offense is meritless under United States v. Rone, supra. The denial of his double jeopardy claim is affirmed.
 
 
 42
 K. United States v. James D. Witt, No. 79-1609
 
 
 43
 Witt's claims relating to state charges are meritless under the dual sovereignty doctrine. His claim relating to his prior federal firearms violation is denied under the authority of United States v. Rone, supra. The denial of his double jeopardy claim is affirmed.
 
 CONCLUSION
 
 44
 The district court correctly denied the appellants' pre-trial double jeopardy claims. However, our affirmance of the pre-trial orders relating to Passaro and England shall not prevent either defendant from raising a double jeopardy claim after trial if it becomes clear during trial that they have been prosecuted twice for the same offense. Similarly, the various other claims raised by the defendants that are not properly before us now may be raised on appeal from a conviction.
 
 
 45
 In all other respects, the district court's orders are AFFIRMED, in accordance with this court's order of September 25, 1979.
 
 
 
 [1]
 This presumption does not apply of course if the second prosecution is brought upon evidence that was not discovered despite the exercise of due diligence before the first trial, or where all events necessary to prosecute the second offense had not occurred at the time the first prosecution was begun. Jeffers, 432 U.S. at 151-52, 97 S.Ct. 2207