UNITED STATES of America, Plaintiff,

v.

Sol C. SCHWARTZ, Raymond F. Lane, Abe Chapman, Frank C. Marolda, Defendants.

No. CR–83–0008 WHO.

United States District Court, N.D. California.

Sept. 30, 1987.

Doron Weinberg, Larson & Weinberg, Karen Snell, Riordan & Rosenthal, San Francisco, Cal., for Schwartz.

A.J. Kramer, Asst. Federal Public Defender, San Francisco, Cal., for Lane.

Manton Selby, San Francisco, Cal., for Chapman.

Allen Ruby, Morgan, Ruby & Teter, San Jose, Cal., for Marolda.

Joseph Russoniello, U.S. Atty., Geoffrey A. Anderson, Atty. in Charge, Melvyn H. Rappaport, Rory K. Little, Sp. Attys., San Francisco, Cal., for plaintiff.

## OPINION AND ORDER

ORRICK, District Judge.

The United States government has charged defendants with manipulating the administration of union pension funds. Defendants bring renewed motions to dismiss the case based on the following grounds: (1) collateral estoppel; (2) double jeopardy; (3) variance; and (4) the recent Supreme Court ruling in *McNally v. United States,*

— U.S. —, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987). At the hearing on September 10, 1987, the Court took the motions under submission. For the reasons hereinafter stated, the Court now denies defendants' motions.

## I

Defendants were originally charged under a wide-ranging indictment for actions allegedly taken with the purpose of manipulating the administration of two union pension funds. Allegedly, that manipulation was a by-product of a larger scheme for merging two union locals as a means of avoiding elections that threatened the elected positions of two of the defendants, Lane and Marolda. To achieve the merger, defendants Lane, a union official in Local 28, and Marolda, a union official in Local 19, allegedly conspired with defendants Schwartz, Dorfman (now deceased), and Chapman, three insurance company executives, for their help in manipulating the merger. Lane and Marolda allegedly offered the three a guaranteed low bid on handling the two unions' pension plans in return for their help with the merger.

On January 11, 1983, defendants were indicted on fifteen counts. Count One charged a conspiracy to commit wire fraud. Counts Two through Twelve charged separate acts of wire fraud. Counts Thirteen and Fourteen alleged violations of 18 U.S. C. § 1954 for offering and receiving a "thing of value" with the intent to influence benefit plan trustees. Count Fifteen alleged a violation of 29 U.C.S. § 501(c) for embezzlement from union assets.

This Court dismissed Counts Thirteen and Fourteen before trial on the grounds that "thing of value" under 18 U.S.C. § 1954 did not encompass assistance in arranging the merger of the two unions. This Court then granted defendants' motion for acquittal on all other counts at the close of the government's case-in-chief.

In *United States v. Schwartz*, 785 F.2d 673 (9th Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 290, 93 L.Ed.2d 264 (1986), the Ninth Circuit affirmed in part and reversed in part. The Ninth Circuit specifi- cally affirmed this Court's finding that there was insufficient evidence with respect to the Local 19 and Contra Costa pension plans. *Id.* at 681–82. However, the Ninth Circuit held that defendants could still be tried on Counts Thirteen and Fourteen, because the phrase "thing of value" includes intangible services such as that alleged in the indictment. *Id.* at 680–81. The Ninth Circuit also stated that "[t]he allegations concerning the defendants' corrupt activities involving the *two Oakland Benefit Plans of Local 28* remain as triable issues." *Id.* at 682 (emphasis added). The Ninth Circuit then remanded the case to this Court.

Defendants then filed a motion to dismiss based on collateral estoppel and double jeopardy, arguing that any prosecution for corruption in Local 28 would be a reprosecution for the Local 19 charges on which they had been acquitted. In May 1987, this Court denied defendants' motion without prejudice. The Court stated:

> The government has represented to the Court that this prosecution will not be a reprosecution of the earlier trial that resulted in an acquittal, but that the present prosecution will focus solely on the two Oakland pension plans. This contention will either be borne out, or exposed as erroneous, by the government's partial bill of particulars ordered by this Court. Based on the evidence before the Court, and the representations of the government, the Court denies the defendants' motion on collateral estoppel without prejudice. If it appears from the government's partial bill of particulars that this prosecution will run afoul of the collateral estoppel preclusions, then defendants may bring this motion again.

Memorandum Opinion and Order, filed May 4, 1987 (hereinafter "Opinion") at 12–13.

Defendants now claim that the bill of particulars filed by the government on July 13, 1987, does run afoul of collateral estoppel preclusions. Defendants point out that the bill of particulars contains repeated references to Local 19. As a result, defendants claim that the government proposes to retry them for the same conduct that re-

sulted in acquittal at the first trial. The government responds that, while there may be some overlap in "evidentiary facts" presented at the two trials, the second trial will only seek to prove "ultimate facts" concerning Local 28.

Defendants also argue for dismissal on three other grounds. First, defendants claim the new trial will violate double jeopardy principles because defendants have already been acquitted of what they assert is a "lesser included offense." Second, defendant Lane argues that the government's bill of particulars demonstrates prejudicial variance from the indictment. Third, defendants argue that this Court should reject the Ninth Circuit's holding that § 1954 refers to intangible services, based on the subsequent Supreme Court holding in *McNally* that the mail fraud statute refers only to tangible property and money. The government refutes each of these arguments.

## II

■ Defendants argue that the government, in violation of the doctrines of collateral estoppel and double jeopardy, plans to retry them for the same Local 19 offenses for which they already have been tried and acquitted. Defendants point to the bill of particulars filed by the government as evidence of this.

It should be noted at the outset that the government does appear to skate dangerously close to violating the prohibitions against double jeopardy and collateral estoppel. It is axiomatic that the Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal." *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977), *quoting North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). It is equally axiomatic that after an acquittal in a criminal trial, the government cannot present the same evidence in a second trial in the hope that a different jury might find that evidence more convincing. *Ashe v. Swenson,* 397 U.S. 436, 446, 90 S.Ct. 1189, 1195–96, 25 L.Ed.2d 469 (1970). The government is not allowed to treat the first trial as a "dry run" for a second prosecution. *Id.* at 447, 90 S.Ct. at 1196.

In this case, the government does come close to flouting these vitally important principles. In its bill of particulars, the government makes repeated reference to Local 19, sometimes to the exclusion of any mention of Local 28. For example, in paragraph seven of the bill of particulars, the government charges that "Lane aided and abetted Marolda ... with respect to his actions, decisions and other duties concerning H.E.R.E. Local 19, thus depriving H.E.R.E. Local 19 of his loyal and honest services in the performance of his duties as President of H.E.R.E. Local 19." Bill of Particulars filed July 13, 1987, at 4, ¶ 7. Although the government claims that that these references to Local 19 are mere "evidentiary facts" rather than the "ultimate facts" to be proved at trial, such a distinction seems somewhat nebulous.

Nevertheless, the Ninth Circuit has already carefully considered this issue. In words as clear as the English language allows, the Ninth Circuit stated that "[t]he allegations concerning the defendants' corrupt activities involving the two Oakland Benefit Plans of Local 28 remain as triable issues." *Schwartz,* 785 F.2d at at 682. This Court must follow what it deems to be the mandate of the Ninth Circuit. As a result, the Court must reject defendants' arguments on this point.

## III

■ Defendants then argue that prosecution for Counts Thirteen and Fourteen creates a double jeopardy problem, because Count One is a lesser included offense of Counts Thirteen and Fourteen, and defendants have already been tried and acquitted of Count One. According to defendants, it is clear that Count One is a lesser included offense of Counts Thirteen and Fourteen, because the conspiracy charged in Count One is "identical" to that charged in Counts Thirteen and Fourteen.

This argument is flawed. The traditional test for determining whether two successive prosecutions are permissible is set

forth in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). This test centers on the elements of the crimes charged. If one of the crimes charged requires proof of an element that the other does not, then the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes. *See Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 2225–26, 53 L.Ed.2d 187 (1977). This Court already considered the *Blockburger* standard in its Opinion, in which the Court set forth the additional elements the government would have to prove under Counts Thirteen and Fourteen. As stated in the Opinion, these elements are: (1) a thing of value was offered or solicited; (2) because of the solicitation, or with intent to, the pension plans were acted upon by the trustee or officer who had a fiduciary duty as concerns the pension plans; and (3) these elements were committed with respect to the two Oakland Local 28 pension plans. *See* Opinion at 12.

Moreover, there is no legal basis for defendants to argue that the conspiracy charged in Count One under 18 U.S.C. § 371 is a lesser included offense of the conspiracy charged in Counts Thirteen and Fourteen under the separate statutory section, 18 U.S.C. § 1954. As the government demonstrates in its opposition brief, these two statutes require proof of different elements. The elements of conspiracy to commit wire fraud as charged in Count One are: (1) the existence of a conspiracy to defraud unions and benefit plans of fiduciary services; (2) each defendant willingly became a member of the conspiracy; (3) one of the conspirators knowingly committed an overt act; and (4) the overt act was knowingly done in furtherance of the conspiracy. The elements of 18 U.S.C. § 1954 as charged in Counts Thirteen and Fourteen are: (1) the offer or solicitation of a thing of value, (2) to or by a benefit plan trustee, or other person described in the statute, (3) because of or with the intent to influence any action, decision, or other duty relating to the plan. *See United States v. Friedland,* 660 F.2d 919, 925–27 (3d Cir. 1981). Thus, the elements under Count One are clearly different from the elements

under Counts Thirteen and Fourteen. While there may be some overlap in evidence used to prove the two offenses, one offense cannot be deemed a lesser included offense of the other.

In addition, the cases defendants cite are not persuasive support for their double jeopardy argument. One of the cases defendants rely on most heavily, *United States v. Solano,* 605 F.2d 1141 (9th Cir. 1979), *cert. denied,* 444 U.S. 1020, 100 S.Ct. 677, 62 L.Ed.2d 652 (1980), is a case in which the court concluded there was no double jeopardy problem under *Blockburger.* Other cases cited by defendants discuss indictments charging two counts under the *same* conspiracy statute. *See, e.g., United States v. Allen,* 539 F.Supp. 296 (C.D.Cal.1982). This clearly differs from the present case, which charges counts under *separate* statutes.

## IV

 Defendant Lane claims prejudicial variance, citing *United States v. Miller,* 471 U.S. 130, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985). According to Lane, the government is now trying to prosecute him for a different scheme than the one charged in the indictment. Lane points to the indictment, which charges him with violating § 1954 as a trustee of Local 28, even though Lane was no longer a trustee after April 25, 1979. Lane compares the indictment with the government's bill of particulars, which Lane claims presents a different theory for holding him responsible after April 25, 1979.

Although it is not entirely clear from the bill of particulars just what the government's theory is, the government states in its opposition brief that it seeks to prosecute Lane for actions he undertook after April 25, 1979, in his role as Secretary–Treasurer of Local 28. As Secretary–Treasurer, Lane would be one of the individuals specified in 18 U.S.C. § 1954. *See* 18 U.S.C. § 1954(3). The government did state that Lane was Secretary–Treasurer of Local 28 in the original indictment. *See* Indictment filed Jan. 11, 1983, at 3, ¶ 3 (Count One). As long as the crime and the ele-

ments of the offense that sustain the conviction are clearly set out in the indictment, there is no variance. *Miller*, 471 U.S. at 140, 105 S.Ct. at 1817.

## V

■ Defendants then argue that the Supreme Court's recent decision concerning the mail fraud statute, 18 U.S.C. § 1341, is *by analogy* similar to the issue in this case concerning 18 U.S.C. § 1954.

In *McNally*, the Supreme Court held that the phrase "to defraud" in the mail fraud statute encompassed only tangible money or property. Defendants now argue that this interpretation must govern for the purposes of § 1954.

This argument is weak. First, the Supreme Court limited its decision to a specific construction of 18 U.S.C. § 1341. *See McNally*, 107 S.Ct. at 2879–81. The Supreme Court also stated that other statutes may validly prohibit crimes with nonmonetary or intangible objects. *Id.* at 2881, n. 8.

Second, the Supreme Court in *McNally* was construing the phrase "to defraud." That language does not appear in § 1954. The relevant statutory phrase in § 1954 is "thing of value," a phrase not found in the mail fraud statute and, thus, not discussed by the Supreme Court in *McNally*.

In contrast to the inapposite ruling in *McNally*, the Ninth Circuit's ruling in this very case specifically held that § 1954 encompasses intangible services. Defendants are asking this Court to ignore the clearly-stated law of the case. Such a request is misguided. Absent any controlling higher authority to the contrary, this Court is bound by the Ninth Circuit's interpretation of § 1954. *See Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830 (9th Cir.1982).

## VI

Accordingly,

IT IS HEREBY ORDERED that defendants' motions to dismiss are denied.