**UNITED STATES of America**

v.

**Fred B. BLACK, Jr., et al.**

**Crim. No. 83-321.**

United States District Court, District of Columbia.

March 25, 1985.

Roger Adelman, Paul Knight, Asst. U.S. Attys., Washington, D.C., for U.S.

Thomas Dyson, Washington, D.C., for Fred B. Black.

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

On March 19, 1985, the defendant Fred B. Black, Jr. filed a motion to dismiss Counts 8 through 25 and 27, 28, 30, 32, 34, 36 and 37 of this indictment in their entirety, and to dismiss certain overt acts contained in Count 2. The defendant asserts that the evidence supporting these substantive counts and overt acts is substantially the same as that used to obtain recent convictions against him under a separate indictment for conspiracy to distribute controlled substances, 21 U.S.C. § 846, and violation of the Travel Act, 18 U.S.C. § 1952,[1] and that his prosecution on the enumerated counts and overt acts of this indictment would therefore violate the Double Jeopardy Clause of the Fifth Amendment.

On March 22, 1985 the Court heard oral argument on defendant's motion, denying the motion at the conclusion of the parties' presentations. Thereupon, the defendant, in open court, filed a motion to stay trial of this case, scheduled to commence on March 26, 1985, pending appeal of the denial of his double jeopardy motion. Defendant's motion to stay was taken under advisement. Later that day the Court issued two orders, one embodying the oral ruling on defendant's motion to dismiss counts and strike overt acts, the other denying defendant's motion to stay. The reasons for both rulings are now set forth below.

A. *Motion to Dismiss Substantive Counts and Strike Overt Acts*

In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court recognized that the Double Jeopardy Clause embodies essentially three guarantees: (1) It protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishment for the same offense. *Id.* at 717, 89 S.Ct. at 2076. In this case the defendant raises the second of these guarantees. The defendant maintains that where essentially the same evidence underlies two separate judicial criminal proceedings, the successive prosecution bar of the Double Jeopardy Clause is violated even if the successively prosecuted offenses have technically different elements. As part of this argument the defendant asserts that the familiar *Blockburger* test for determining whether two offenses are really distinct from one another by examining their statutory provision and considering whether each "requires proof of a fact which the other does not," is totally inapplicable to successive prosecution cases. This contention, however, is mistaken. In *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), and again more recently in *Illinois v. Vitale*,

---

**1.** These charges were tried before this Court in Criminal No. 83–320, and guilty verdicts were returned by the jury on March 8, 1985.

447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), the Supreme Court expressly embraced the *Blockburger* rule in connection with a successive prosecution claim under the Double Jeopardy Clause. *Brown*, 432 U.S. at 166, 97 S.Ct. at 2225; *Vitale*, 447 U.S. at 416, 100 S.Ct. at 2265.

The real issue raised by the defendant is not the applicability of the *Blockburger* test to successive prosecution cases, but whether, despite satisfaction of the *Blockburger* test, *other* standards for protecting against double jeopardy through successive prosecution have been met.

In *Brown v. Ohio, supra,* the Supreme Court did note that the *Blockburger* test is not the only standard for determining whether successive prosecutions violate the double jeopardy clause, and that successive prosecutions may be barred in some circumstances where the second prosecution involves issues and evidence also involved in the first trial. 432 U.S. at 166 n. 6, 97 S.Ct. at 2226 n. 6. An examination of the few circumstances under which the Supreme Court has identified a double jeopardy problem other than through a *Blockburger*-type analysis indicates the extremely limited circumstances under which the actual evidence adduced at an earlier trial may be considered for double jeopardy purposes, and their inapplicability to the present case. Thus, in *In Re Nielsen*, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889), the Supreme Court held that a Mormon convicted of unlawful cohabitation with two women could not be subsequently tried for adultery on the grounds that he was lawfully married to only one of the women. The Court held that, although neither marriage nor sexual intercourse was strictly necessary to prove unlawful cohabitation, as they obviously were for adultery, it was well known that the unlawful cohabitation statute was aimed against polygamy, with the strong presumption of sexual intercourse attaching to living together as man and wife. *Id.* at 188–89, 9 S.Ct. at 676. Therefore, under the particular circumstances of that case the Court suggested that adultery should be regarded as a lesser-included offense, an "incident" of the cohabitation, despite the technical variance of the elements of the offenses. *Id.* at 188–90, 9 S.Ct. at 676–77.

Recently, under somewhat different circumstances, the Supreme Court has recognized that it may be appropriate to look at the evidence presented at an earlier trial, or to be presented at a subsequent one, to determine if one offense is a lesser-included offense of the other, although comparison of their bare statutory provisions would not reveal them as such. In *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), the defendant struck and killed two children with his automobile. He was first found guilty under a provision of the Illinois Vehicle Code which made it unlawful to fail to reduce speed to avoid a collision. The defendant then challenged a subsequent attempt to try him for involuntary manslaughter, which required a showing of "reckless operation of a motor vehicle in a manner likely to cause death or great bodily harm." The Supreme Court held in *Vitale* that even if recklessness under the statute could be demonstrated by evidence other than failing to slow down, if that was in fact what the prosecution intended to prove, a substantial double jeopardy problem was presented. *Id.* at 420, 100 S.Ct. at 2267.[2] *See also Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) (double jeopardy bars prosecution for robbery after felony-murder conviction for killing occurring in course of robbery since every element of robbery had to be proven to sustain felony-murder conviction).[3]

---

**2.** The Court remanded in *Vitale* for two reasons. First, the acts the State intended to rely on to show recklessness were not evident on the record. Secondly, the Court recognized that if recklessness under the Illinois manslaughter statute could only be proven by showing failure to slow, as a statutory matter, then the "failure to slow" violation was a lesser-included offense

of the manslaughter statute under *Blockburger/Brown* analysis. 447 U.S. at 419–20, 100 S.Ct. at 2266–67.

**3.** Cases involving the invocation of collateral estoppel after acquittal to avoid relitigation of factual issues against the defendant, *e.g., Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d

An analysis of the cases set forth above makes evident that the *per se* rule advocated by the defendant, prohibiting any overlap of evidence from an earlier trial from being introduced in a later trial for a separate offense, has never been adopted by the Supreme Court or this Circuit. The defendant raises no contention, under *Blockburger* or *Vitale*, that the substantive counts which he seeks to dismiss here are actually lesser-included offenses of his conviction for conspiracy to distribute narcotics under 21 U.S.C. § 846, and no such conclusion would be warranted.

■ Moreover, even the decisions in *Jordan v. Commonwealth of Virginia*, 653 F.2d 870 (4th Cir.1980), and *United States v. Sabella*, 272 F.2d 206 (2d Cir.1959), cited by the defendant, do not support the motion here. *Jordan* and *Sabella* stand for the proposition that the double jeopardy clause prohibits a second prosecution which utilizes evidence adduced in an earlier prosecution, where the same evidence would support a conviction in *both*. *Jordan*, 653 at 873–74; *Sabella*, 272 F.2d at 210. In Counts 11 through 18 of this indictment defendant Black is charged with preventing Riggs National Bank from filing Currency Transaction Reports (CTRs) for cash deposits in excess of $10,000 made by him on a certain date, in violation of 18 U.S.C. § 1001 and 2. In Counts 19 through 25 of this indictment the defendant is charged with causing officials of Riggs to fail to file CTRs on other occasions, in violation of 31 U.S.C. §§ 1081, 1082, 1059 and 18 U.S.C. § 2. Finally, the defendant is charged here with violations of the Travel Act, 18 U.S.C. § 1952, for actions entirely distinct from the Travel Act violation for which he was already convicted. Although evidence pertinent to these substantive charges was *introduced* in the earlier trial in connection with the defendant's alleged money-laundering role in the narcotics conspiracy, primarily as circumstantial evidence of the defendant's knowledge of the source of the funds, the evidence which would sustain the charges here certainly was not *sufficient* to find the defendant guilty in the earlier trial. Particularly with respect to the conspiracy charge in the earlier trial, evidence pertaining to the substantive counts charged here provide no evidence of the agreement required for conspiracy.

Finally, the defendant has moved to dismiss Counts 8, 9, 10, 36 and 37, which are in fact charges against his co-defendant rather than himself. The Court considers their inclusion in this motion inadvertence, but nevertheless notes denial of the motion as to those counts.

■ With respect to Count 2 of the indictment, and the defendant's motion to strike certain overt acts contained in that count, this Court perceives the defendant as also raising a somewhat different double jeopardy issue by virtue of his discussion of the Supreme Court's grant of certiorari in *United States v. Garrett*, 727 F.2d 1003 (11th Cir.), *cert. granted*, —— U.S. ——, 105 S.Ct. 78, 83 L.Ed.2d 27 (1984). The issue before the Supreme Court in *Garrett* is whether the government may prosecute an individual for engaging in a "continuing criminal enterprise" ("CCE"), in violation of 21 U.S.C. § 848, using the defendant's earlier conviction for another drug-related felony as a predicate offense to establish the CCE violation. The Seventh Circuit held in *Garrett* that the earlier conviction could be used as a basis for the CCE prosecution. 727 F.2d at 1008–10.

However, unlike the CCE statute, the RICO statute applicable to Count 2 of this indictment specifically provides that to constitute a pattern of racketeering activity the prosecution must show at least two predicate offenses set forth at 18 U.S.C. § 1961(1),

> one of which occurred after the effective date of this chapter and the last of which occurred within ten years (*excluding any period of imprisonment*) after the com-

---

469 (1970) (defendant acquitted of robbing one of several people by virtue of alibi defense could not be tried for robbing others at the scene of

the alleged crime), are clearly inapplicable to the defendant here.

mission of the prior act of racketeering activity.

18 U.S.C. § 1961(5) (emphasis added). This highlighted language of RICO has been recognized as evidencing that Congress specifically contemplated that a defendant may be tried under RICO based, in part, on offense for which he has already been convicted. *United States v. Aleman*, 609 F.2d 298, 306 (7th Cir.1979), *cert. denied*, 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980), *cf. United States v. Hawkins*, 658 F.2d 279, 287–88 (5th Cir.1981).

The distinction between the type of predicate offenses that must necessarily be established to obtain a CCE conviction and the racketeering activities charged under RICO in Count 2 of this indictment also eliminates any double jeopardy concern over the fact that the defendant here was previously convicted of a 21 U.S.C. § 846 narcotics *conspiracy* and is charged in Count 2 of this indictment with *conspiracy* to violate RICO under 18 U.S.C. § 1962(d). In *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) a plurality of the Supreme Court indicated, without deciding, that a narcotics conspiracy conviction under 21 U.S.C. § 846 may be a lesser-included offense when used as a predicate for a CCE prosecution under 21 U.S.C. § 848. The Court noted that the language of the CCE statute, requiring that the accused have acted "in concert with five or more persons" may be construed as requiring the same "agreement" necessitated for a conspiracy. *Id.* at 148–50, 97 S.Ct. at 2215–16.[4] However, the CCE provision, as part of the Comprehensive Drug Abuse and Prevention Act of 1970, specifically requires that the accused have participated in a continuing series of

*narcotics* offenses. If the "in concert with" language of § 848 may be construed as equivalent with conspiratorial intent, the statute is then aimed at large scale continuing conspiracies to violate the drug laws. *See United States v. Jefferson*, 714 F.2d 689, 705 (7th Cir.1983). Therefore, the assertion of a § 846 narcotics conspiracy as a predicate offense would simply be a smaller part of the single overall conspiracy. *See Braverman v. United States*, 317 U.S. 49, 53, 63 S.Ct. 99, 101, 87 L.Ed. 23 (1942).

RICO, on the other hand, does not necessarily require that the underlying "racketeering activity" be drug-related. *See* 18 U.S.C. § 1961(1) (setting forth activities that may constitute racketeering activity); *see also United States v. Solano*, 605 F.2d 1141, 1145 (9th Cir.1979), *cert. denied*, 444 U.S. 1020, 100 S.Ct. 677, 62 L.Ed.2d 652 (1980); *United States v. Smith*, 574 F.2d 308, 310–11 (5th Cir.), *cert. denied*, 439 U.S. 931, 99 S.Ct. 321, 58 L.Ed.2d 325 (1978). More importantly, however, in light of the Supreme Court's holding in *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), the Government has not *charged* purely drug-related offenses as the racketeering activity supporting Count 2. Instead, while stating that the distribution of cocaine in violation of 21 U.S.C. § 841 and 846 was part of the conspiracy to violate RICO, the indictment specifically charges that the defendants also conspired to commit racketeering acts of mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343).[5] An agreement including either of these non-drug-related racketeering activities may support the conspiracy charge of Count 2. Consequently, the nature of the agreement which is the subject of the conspiracy charge in

---

**4.** Since *Jeffers* at least two courts have held, based on independent analysis, that a narcotics conspiracy conviction under 21 U.S.C. § 846 is a lesser-included offense of a 21 U.S.C. § 848 CCE charge. *United States v. Jefferson*, 714 F.2d 689, 705 (7th Cir.1983); *United States v. Sperling*, 560 F.2d 1050, 1055 (2d Cir.1977). Other courts have mistakenly concluded that *Jeffers* mandated such a holding. *United States v. Samuelson*, 697 F.2d 255, 259 (8th Cir.1983); *United States v. Lurz*, 666 F.2d 69, 75 (4th Cir.), *cert. denied*, 455 U.S. 1005, 102 S.Ct. 1642, 71 L.Ed.2d 874

(1981); *United States v. Michel*, 588 F.2d 986, 1001 (5th Cir.), *cert. denied*, 444 U.S. 825, 100 S.Ct. 47, 62 L.Ed.2d 32 (1979); *United States v. Johnson*, 575 F.2d 1347, 1354 (5th Cir.1978), *cert. denied*, 440 U.S. 907, 99 S.Ct. 1214, 59 L.Ed.2d 454 (1979).

**5.** The Travel Act violations under 18 U.S.C. § 1952 with which the defendant is charged in counts 26 through 37 are drug related.

Count 2 of this indictment is necessarily distinct from the narcotics conspiracy for which the defendant has already been convicted, although the objects of the conspiracies may partially overlap. Therefore, defendant's motion to strike overt acts contained in Count 2 of this indictment on the grounds that they go to defendant's narcotics conspiracy conviction under 21 U.S.C. § 846 must be denied.

### B. *Motion to Stay*

Based on this Court's denial of defendant's motion to dismiss counts and strike overt acts, the defendant has moved to stay the trial under this indictment, scheduled to commence March 26, 1985, pending appeal of the Court's ruling.

In *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), the Supreme Court held that, because the ordeal of retrial is one of the harms against which the double jeopardy clause protects, the denial of a pretrial double jeopardy motion is an immediately appealable final order under 28 U.S.C. § 1291. 431 U.S. at 662; *see also United States v. Glover*, 731 F.2d 41, 44 (D.C.Cir.1984). Therefore, the filing of a notice of appeal is generally held to divest the trial court of jurisdiction. *See United States v. Dunbar*, 611 F.2d 985, 987 (5th Cir.) (*en banc*), *cert. denied*, 447 U.S. 926, 100 S.Ct. 3022, 65 L.Ed.2d 1120 (1980).

Recognizing the need to avoid unnecessary delays, however, a number of circuits have now held that a district court may proceed to trial after denial of what the defendant proffers as a double jeopardy motion if the district court determines that the double jeopardy claim is frivolous. *United States v. Lanci*, 669 F.2d 391, 394 (6th Cir.1982); *cert. denied*, 457 U.S. 1134, 102 S.Ct. 2960, 73 L.Ed.2d 1350 (1982); *United States v. Leppo*, 634 F.2d 101, 105 (3rd Cir.1980); *United States v. Dunbar*, 611 F.2d at 988; *see also United States v. Glover*, 731 F.2d at 44–45 (discussing need for expedited resolution of *Abney* appeal); *United States v. Hansen*, 566 F.Supp. 162,

171 (D.D.C.1983) (discussing *Dunbar* with approval).

■ To the extent the defendant's motion here argues simply that the defendant may not be prosecuted under this indictment based on evidence which was used, for one reason or another, in connection with his previous conviction, the motion is without authority. Moreover, the evidence pertaining to the offenses charged in this indictment which was introduced to support the defendant's conviction in the earlier trial was not sufficient alone to obtain that conviction, and therefore presents no double jeopardy problem under the rationale of *Jordan, supra,* and *Sabella, supra.* Hence, the Court finds this argument "wholly lacking in merit," and undeserving of a stay of this trial pending appeal.

■ With respect to Count 2, the Court has perhaps credited the defendant with a separate basis of objection which he had not himself clearly raised. In any event, the defendant seeks only to strike certain overt acts under Count 2, and in no way challenges the validity of the entire charge. Even granting defendant's motion, the Government would nevertheless have a sufficient basis to proceed against the defendant. The defendant's challenge to the overt acts contained in Count 2, therefore, in no way contests "the very authority of the Government to hale him into court" on that charge. *See Abney*, 431 U.S. at 660, 97 S.Ct. at 2040. Instead, the defendant's motion under Count 2 is essentially an evidentiary one, challenging only the particular evidence that may be used against him under Count 2. Therefore, this Court does not find the denial of defendant's motion with respect to Count 2 an appealable final order within the meaning of *Abney*.

Accordingly, defendant's motion to stay must be denied.

The Court also has been advised of defendant Black's intent to proceed with an expedited appeal. It requests the parties and the appellate court to immediately proceed with the motion to stay on an emergency basis. Otherwise, for reasons more

fully delineated in open court on March 22, 1985, it will most likely have to be continued until later this year. As a result defendant Hessler will lose his counsel who himself must stand trial (previously continued) on criminal tax violations before Judge Harold Greene on April 17, 1985 for six weeks. Since this trial will take three to four weeks it must start no later than this coming Thursday in order to be completed anywhere near the date Hessler's counsel must report for his case.

In this case over 17 months have elapsed due to illness of defendants, etc. Any further delay without strong and compelling reasons would be unwarranted. Therefore the Court believes it would be fairest to all concerned if the appeal as to the denial of the stay be decided by close of business on March 27, 1985.