**UNITED STATES of America**

v.

**Fred B. BLACK, Jr., Appellant.**

**No. 85–5287.**

United States Court of Appeals, District of Columbia Circuit.

March 28, 1985.

Thomas R. Dyson, Washington, D.C., was on the motions for appellant.

Joseph E. diGenova, U.S. Atty., Roger M. Adelman, Paul L. Knight, and Michael W. Farrell, Asst. U.S. Attys., Washington, D.C., were on the opposition to the motion for stay for appellee.

Before WALD and MIKVA, Circuit Judges, and McGOWAN *, Senior Circuit Judge.

Opinion PER CURIAM.

PER CURIAM:

Appellant was convicted of various criminal charges under one indictment. He moved the district court to dismiss large portions of a second indictment, invoking the double jeopardy clause of the fifth amendment. The district court denied that motion. Appellant now moves this court to stay trial of the second indictment pending appeal of the district court order, and to expedite that appeal. We deny appellant's motions.

In Cr. No. 83–320, Fred B. Black was charged with conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, and causing a violation of the Travel Act, punishable under 18 U.S.C. § 1952. Those charges were tried in the district court, and guilty verdicts were returned by the jury on March 8, 1985.

In Cr. No. 83–321, Mr. Black is charged with a host of additional offenses: a substantive violation of the RICO statute, 18 U.S.C. § 1962; conspiracy to violate RICO; seven violations of 31 U.S.C. §§ 1081, 1082 and 1059 (currency transaction violations); eight violations of 18 U.S.C. § 1001 (separate currency transaction violations); six violations of the Travel Act, 18 U.S.C. § 1952; four violations of the mail fraud statute, 18 U.S.C. § 1341; five violations of the wire fraud statute, 18 U.S.C. § 1343;

---

* Senior Circuit Judge McGowan did not participate in the disposition of this case.

and four violations of the federal income tax laws, 26 U.S.C. § 7201.

On March 19, 1985, Black filed, in the district court, a motion to dismiss counts 8 through 25 and 27, 28, 30, 32, 34, 36 and 37 of the indictment in Cr. No. 83–321 in their entirety, and to dismiss certain overt acts contained in Count 2 of the indictment. Black asserted that prosecution on these counts and overt acts would violate the double jeopardy clause of the fifth amendment in that the evidence supporting these counts and overt acts would be substantially the same as that used to obtain the convictions in Cr. No. 83–320. On March 22, 1985, the district court, by oral order, denied the motion. On March 25, 1985, the district court issued a memorandum opinion explaining the basis for that order. Thereafter, on March 26, 1985, Black filed a notice of appeal from the district court order and moved this court for a stay of trial in Cr. No. 83–321 pending this appeal. Black also moved to expedite this appeal.

■ Although we must grant a stay unless appellant's claim of violation of the double jeopardy clause is "wholly lacking in merit," *United States v. Head,* 697 F.2d 1200, 1204 (4th Cir.1983), *cert. denied,* 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1367 (1983), we decline to grant a stay in this case. Appellant's motion for stay makes no adequate response to the district court's comprehensive opinion denying his motion to dismiss certain counts and overt acts charged in the indictment. *United States v. Black,* 605 F.Supp. 1027 (D.D.C.1985) (Hogan, J.). We find the reasoning in that opinion entirely persuasive.

■ Appellant's double jeopardy claims divide into two parts. First, appellant asserts that evidence supporting his convictions of narcotics conspiracy and Travel Act violations in Cr. No. 83–320 will also be used at trial to support various counts and overt acts charged in this indictment. Thus, appellant does not rely on the traditional bar to multiple prosecutions enunciated in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed.

306 (1932) ("the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."); *see United States v. Vitale,* 447 U.S. 410, 416, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228 (1980) (citing *Blockburger* test); *Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977) (same). Appellant asserts rather that it is the actual evidence introduced at each trial, not the statutory elements of each crime charged, that determines the scope of the double jeopardy prohibition in his case. Although some authority exists for the proposition that, under certain exceptional circumstances, evidence adduced at an earlier trial which is reintroduced at a subsequent trial, may give rise to double jeopardy claims, *see, e.g., In re Nielson,* 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889); *United States v. Jordan,* 653 F.2d 870 (4th Cir.1980); *United States v. Sabella,* 272 F.2d 206 (2d Cir.1959), these circumstances are not present here and there is no general prohibition against evidence introduced at one criminal trial being introduced against the same defendant at a subsequent trial for a different offense. *See, e.g., Iannelli v. United States,* 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975) (indicating that the *Blockburger* test may be satisfied "notwithstanding a substantial overlap in the proof offered to establish the crimes."); *United States v. Papa,* 533 F.2d 815, 823 (2d Cir.) ("Evidence ... may be probative of more than one violation of the law; to introduce it into evidence during trial on different offenses is entirely consistent with principles of double jeopardy."), *cert. denied,* 429 U.S. 961, 97 S.Ct. 387, 50 L.Ed.2d 329 (1976).

■ Appellant's second claim is that the government may not use evidence of the narcotics conspiracy established in Cr. No. 83–320 as the basis for the subsequent charge of RICO violations involved in this case. Several courts, however, have held otherwise, ruling that the government may try a defendant for RICO violations based,

in part, on an offense for which he has already been convicted. *See, e.g., United States v. Peacock,* 654 F.2d 339, 349 (5th Cir.1981); *United States v. Grande,* 620 F.2d 1026, 1030 (4th Cir.), *cert. denied,* 449 U.S. 830, 101 S.Ct. 98, 66 L.Ed.2d 35 (1980); *United States v. Aleman,* 609 F.2d 298, 306 (7th Cir.1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980); *United States v. Solano,* 605 F.2d 1141, 1143 (9th Cir.1979), *cert. denied,* 444 U.S. 1020, 100 S.Ct. 677, 62 L.Ed.2d 652 (1980). We find their reasoning persuasive.

For the reasons outlined above, it is

ORDERED by the Court that appellant's motion for stay of trial is denied. It is

FURTHER ORDERED by the court that appellant's motion to expedite this appeal of the denial of his motion to dismiss counts and strike overt acts in the indictment is denied. The Clerk is directed to consolidate this appeal with any subsequent appeal from the district court proceedings herein.