UNITED STATES of America, Plaintiff,

v.

**Carlos Lugo LOPEZ, et al., Defendants.**

**Cr. No. 92–162(GG/CC).**

United States District Court,
D. Puerto Rico.

Feb. 10, 1994.

Epifanio Morales, U.S. Atty., Hato Rey, PR, for U.S.

Miriam Ramos–Grateroles, Bayamón, PR, for Carlos Lugo Lopez.

Laura Maldonado, Old San Juan, PR, for Carmen Gloria Rodriguez–Diaz.

José A. Lugo and Roberto Roldán–Burgos, Rio Piedras, PR, for Luis Cartagena–Carrasquillo.

Yolanda Collazo, Bayamón, PR, for José Luis Figueroa–Garciá.

## ORDER

LAFFITTE, District Judge.

Before the Court are the February 9, 1993 motions of defendants Luis Cartegena–Carrasquillo ("Cartegena"), Carmen Gloria Rodriquez ("Gloria") and Carlos Lugo Lopez ("Lugo") requesting a stay of the criminal proceedings. On the same date defendants filed notices of appeal of this Court's February 8, 1994 order denying dismissal of the indictments on double jeopardy grounds. For the reasons set forth below the Court finds that defendants' motions are frivolous and dilatory. Accordingly, we decline to grant a stay of these proceedings.

## DISCUSSION

■ A District Court may retain jurisdiction to proceed with trial, despite the pendency of a defendant's interlocutory double jeopardy appeal, where the motion is found to be frivolous or dilatory.[1] *U.S. v. Salerno*, 868 F.2d 524 (2nd Cir.1989); *United States v. Black*, 759 F.2d 71 (D.C.Cir.1985); *United States v. Leppo*, 634 F.2d 101 (3d Cir.1980); *United States v. Dunbar*, 611 F.2d 985 (5th Cir.1980). However, in order for the district court's jurisdiction to not be divested, the district court must make specific written findings supporting its conclusion that the motion is frivolous.[2] *Leppo*, 634 F.2d 101, 105. Once the district court has determined the motion to be frivolous and supported its conclusions with written findings, both the district court and the court of appeals have jurisdiction to proceed. *Id.*

■ The determination of frivolousness is particularly appropriate for the district Court. *Dunbar*, 611 F.2d 985, 988. In the instant case, a finding of frivolousness and dilatory behavior is warranted on several grounds. First, the timing of defendants' motions evidences frivolity. *Dunbar*, 611 F.2d 985, 988.

In *Dunbar*, the Court found defendant's double jeopardy motion frivolous where said motion was filed only a few days before the scheduled trial date. The *Dunbar* Court reasoned that a district court must be able to retain jurisdiction over frivolous motions since requiring divestiture of jurisdiction in these instances would "enable a defendant to unilaterally obtain a trial continuance at any time prior to trial by merely filing a double jeopardy motion, however frivolous, and appealing the trial court's denial thereof."

In the instant case, on December 7, 1993, Judge Gierbolini in chambers orally granted defendants' motion for mistrial. As we stated by means of a footnote in our order denying dismissal on double jeopardy grounds, defendants waited for almost two months before filing on February 1, 1994, their double jeopardy motions. Furthermore, said motions were submitted just two

---

1. To date, nine circuits have adopted the rule allowing concurrent jurisdiction in district courts during the pendency of frivolous interlocutory appeals on the grounds of double jeopardy. See *U.S. v. Salerno*, 868 F.2d 524, 540 (2d Cir.1989).

2. The requirement of written findings is twofold. First, it enables an appellate court to expeditiously review a defendant's appeal. Second, it expedites the appellate court's review of the district court's determination that the appeal is frivolous and does not deprive it of jurisdiction to proceed. *Dunbar*, 611 F.2d 985, 989.

weeks prior to the February 14, 1994 trial date which had been scheduled since January 19, 1994. These facts clearly demonstrate defendants' attempt by dilatory tactics to delay proceedings already scheduled for trial before a visiting judge.[3]

A second ground on which the Court bases its finding of frivolousness is in regard to the complete unresponsiveness of defendants' motions for stay. Defendants' motions for stay do not reply to nor assert any conflict with the district court's order denying dismissal. In *Black*, the D.C. Circuit Court declined to grant defendant's motion for stay. The *Black* Court based denial on the fact that "appellant's motion for stay makes no adequate response to the district court's comprehensive opinion denying his motion to dismiss ..." *Black*, 759 F.2d 71, 73.

Finally, as a third indication of frivolousness the Court notes the apodictic words of Judge Bownes:

> The law is clear that, absent prosecutorial or judicial goading or bad faith, where a defendant's request for mistrial is granted, the right to the protection of the double jeopardy clause is forfeited.

*United States v. Piedrahita*, 884 F.2d 1524, 1530 (1st Cir.1989) (citations omitted). In the instant case, the record shows that defendants requested a mistrial. Furthermore, the Court found and both the defendants and government concede, that the prosecutor acted properly at all times.

WHEREFORE, defendants' motions to stay are hereby denied. The parties shall proceed to trial, as scheduled on February 14, 1994. The Clerk of the Court shall forward to the Court of Appeals a copy of this order as well as the order setting this case for trial (Docket # 144), the order denying defendants' motion to dismiss on double jeopardy grounds (Docket # 157) and the motion requesting stay (Docket # 166).

**IT IS SO ORDERED.**

---

3. Defendants have also filed motions for continuance. These attempts to delay the proceedings also proved unsuccessful.