**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William George DUNBAR, M. D., Defendant-Appellant.**

Nos. 78–1602, 78–5050.

United States Court of Appeals, Fifth Circuit.

Jan. 28, 1980.

Randall M. Clark, Brunswick, Ga., for defendant-appellant.

Wm. T. Moore, Jr., U. S. Atty., Katherine L. Henry, William H. McAbee, II, Asst. U. S. Attys., Savannah, Ga., Wade Livingston, William C. Bryson, Washington, D. C., for plaintiff-appellee.

Before COLEMAN, Chief Judge, BROWN, GOLDBERG, AINSWORTH, GODBOLD, CHARLES CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN, VANCE, KRAVITCH, FRANK M. JOHNSON, Jr., GARZA, HENDERSON, REAVLEY, POLITZ, HATCHETT, ANDERSON, RANDALL, TATE, SAM D. JOHNSON, and THOMAS A. CLARK, Circuit Judges.

RONEY, Circuit Judge:

A panel of this Court vacated William George Dunbar's convictions on the ground that his filing of a notice of appeal from the district court's denial of a double jeopardy motion divested that court of jurisdiction to try him. *United States v. Dunbar*, 591 F.2d 1190 (5th Cir. 1979). This Court granted a petition for rehearing *en banc*, thus vacating the panel opinion. 600 F.2d 1192 (5th Cir. 1979); 5th Cir. R. 17.

Sitting *en banc*, we now reach a result contrary to the panel decision. In the exercise of our supervisory jurisdiction, we hold that an appeal from the denial of a frivolous double jeopardy motion does not divest the district court of jurisdiction to proceed with trial, if the district court has found the motion to be frivolous. Deciding that the convictions in this case should not be vacated on jurisdictional grounds, we affirm the denial of the double jeopardy plea and remand the case to the panel for determination of the other issues raised on appeal.

Dunbar was convicted by a jury on December 22, 1977 of conspiracy to possess Methaqualone with intent to distribute. 21 U.S.C.A. §§ 841(a)(1), 846. At the time of that trial, Dunbar had also been charged in another indictment with five counts of the substantive offense of distributing controlled substances, including Methaqualone and four other drugs, by means of prescriptions not in the usual course of professional practice. 21 U.S.C.A. § 841(a)(1).

On December 27, 1977, five days later, Dunbar pled the conspiracy trial as a double jeopardy bar to prosecution on the pending indictment, arguing that the same evidence used in the earlier trial would be used against him in the trial on the substantive offenses. Papers filed by Dunbar on December 30 indicated his intent to appeal a denial of his double jeopardy motion. The record does not, however, evidence that any ruling had yet been made by the district court.

At 8:30 a. m. on Tuesday, January 3, 1978, the date set for trial on the substantive offenses, Dunbar filed a motion to prevent the Government from using in the impending trial the evidence used in the previous conspiracy trial. At 9:00 a. m. the district court denied that motion and issued a written order overruling Dunbar's double jeopardy plea. Dunbar immediately filed notice of appeal from the order, but he did not seek a writ of mandamus or prohibition

to halt the trial. The district court proceeded with the trial, which ended the following day when the jury returned a guilty verdict on each count. Those convictions are appealed here. The prior conviction for conspiracy has heretofore been affirmed by this Court. *United States v. Dunbar*, 590 F.2d 1340 (5th Cir. 1979).

The Supreme Court has held that the denial of a double jeopardy motion is an appealable order under 28 U.S.C.A. § 1291. *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). Historically, the filing of a notice of appeal has generally given the appellate court sole jurisdiction and divested the trial court of jurisdiction to proceed with the case. *See Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166 (5th Cir. 1978); *Bush v. United Benefit Life Insurance Co.*, 311 F.2d 893 (5th Cir. 1963).

We recently held, however, in *United States v. Hitchmon*, 602 F.2d 689, 691 (5th Cir. 1979) (*en banc*), that "the notice of appeal from a nonappealable order does not render void for lack of jurisdiction acts of the trial court taken in the interval between the filing of the notice and the dismissal of the appeal . . . ." The Government had filed a notice of appeal but could not properly appeal the trial court's grant of a new trial motion. *United States v. Alberti*, 568 F.2d 617, 621 (2d Cir. 1977); 18 U.S.C.A. § 3731; *see Wiggs v. Courshon*, 485 F.2d 1281, 1282 (5th Cir. 1973). We declined to reverse convictions rendered in a trial conducted during the pendency of the appeal. *Hitchmon* brought this Circuit in line with the First, Eighth, Ninth and Tenth Circuits on this issue. *Hodgson v. Mahoney*, 460 F.2d 326 (1st Cir.), *cert. denied*, 409 U.S. 1039, 93 S.Ct. 519, 34 L.Ed.2d 488 (1972); *Riddle v. Hudgins*, 58 F. 490 (8th Cir. 1893); *Ruby v. Secretary of U. S. Navy*, 365 F.2d 385 (9th Cir. 1966), *cert. denied*, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967); *Euziere v. United States*, 266 F.2d 88 (10th Cir. 1959), *vacated on other grounds*, 364 U.S. 282, 80 S.Ct. 1615, 4 L.Ed.2d 1720 (1960).

■ The case presently before us is significantly more difficult than *Hitchmon*. The order here was clearly appealable on the rationale that the defendant should not have to undergo a second trial if in fact it placed him in double jeopardy. In *Abney*, the Court emphasized that because the Double Jeopardy Clause "is a guarantee against being twice put to *trial* for the same offense," the rights conferred thereunder "would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence." 431 U.S. at 660–61, 97 S.Ct. at 2041.

The question in this case is what should be done now that defendant has lost the advantage of having his double jeopardy motion decided on appeal before trial.

■ Dunbar's double jeopardy motion was "both frivolous and dilatory." 591 F.2d at 1193. "[T]here can be no doubt, absolutely no doubt, that Dunbar's double jeopardy plea was totally devoid of merit." *Id.* at 1192. The panel opinion was correct in that regard, and we adopt its accompanying statement of applicable law as our own. *See United States v. Smith*, 574 F.2d 308, 309–10 (5th Cir.), *cert. denied*, 439 U.S. 931, 99 S.Ct. 321, 58 L.Ed.2d 325 (1978).

■ Thus the issue is whether the district court had jurisdiction to proceed with Dunbar's trial while his appeal of the court's denial of his frivolous double jeopardy motion was pending before this Court. Prior to the *en banc* decision in *Hitchmon*, the issue would have been resolved by the principle that a notice of appeal automatically divests the trial court of jurisdiction. *See Kirtland v. J. Ray McDermott & Co.*, 568 F.2d at 1169–70; *Bush v. United Benefit Life Insurance Co.*, 311 F.2d at 894. That principle was rejected, however, in *Hitchmon*, which indicated by its approach that "a decision as to whether jurisdiction exists in a trial or appellate court, or both, can be the product of reasoned choice." *United States v. Hitchmon*, 587 F.2d 1357, 1362–63 (5th Cir. 1979) (panel opinion) (Higginbotham, J., concurring); *see Hitchmon*, 602 F.2d at 694.

The need for such a "reasoned choice" is before us in the present case. On one hand, the Court must recognize that the failure to review a colorable double jeopardy claim before trial begins creates a substantial risk that the accused's constitutional rights will be infringed. On the other hand, we must weigh the concern expressed in *Hitchmon*, that the divestiture of jurisdiction rule

> leaves the court powerless to prevent intentional dilatory tactics, forecloses without remedy the nonappealing party's right to continuing trial court jurisdiction, and inhibits the smooth and efficient functioning of the judicial process.

602 F.2d at 694.

The facts of this case are indicative of the great potential for disruption under the divestiture of jurisdiction rule. Dunbar filed his double jeopardy motion only a few days before the scheduled trial date. Notice of appeal was not taken until the district court had ruled on the day of trial. The divestiture of jurisdiction rule, applied in conjunction with *Abney*, would enable a criminal defendant to unilaterally obtain a trial continuance at *any* time prior to trial by merely filing a double jeopardy motion, however frivolous, and appealing the trial court's denial thereof.

Dunbar's convictions should not be vacated because of the filing of the notice of appeal from the denial of the double jeopardy motion. Both the order of the district court and the panel opinion of this Court firmly establish that Dunbar's motion was frivolous. Dunbar made no effort to halt the trial by obtaining a stay or issuance of a writ. We hold that the district court had jurisdiction to proceed with trial even as the appeal was pending.

The wisdom of this result is apparent. Dunbar has been proven guilty as charged in a trial conducted by the very court that should try him. Vacating his convictions would only impose another trial with its accompanying burdens of time and resources on everyone involved. *See United States v. Rumpf*, 576 F.2d 818, 821 (10th Cir.), *cert. denied*, 439 U.S. 893, 99 S.Ct. 251, 58 L.Ed.2d 239 (1978).

The basic principle of *Abney* has not been thwarted. The underlying concern in *Abney* was that one who could not be constitutionally tried because of double jeopardy would be tried before the appellate court could hold it unconstitutional to do so. Because his double jeopardy claim has now been denied on appeal, Dunbar was not in fact the target of the *Abney* concern.

■ Situations of this kind call for a rule which is both reflective of practical common sense and protective of the essence of the right of appeal recognized in *Abney*. We hereby adopt such a rule under our supervisory powers.

■ The Supreme Court suggested in *Abney* that the problem of frivolous and dilatory appeals could be met through expedited treatment and summary procedures at the court of appeals level. 431 U.S. at 662 n. 8, 97 S.Ct. 2034. An appropriate balance of conflicting interests should be initially achieved in the trial court itself by identifying frivolous claims of former jeopardy and preventing them from unduly disrupting the trial process. Henceforth, the district courts, in any denial of a double jeopardy motion, should make written findings determining whether the motion is frivolous or nonfrivolous. If the claim is found to be frivolous, the filing of a notice of appeal by the defendant shall not divest the district court of jurisdiction over the case. If nonfrivolous, of course, the trial cannot proceed until a determination is made of the merits of an appeal.

■ District courts are not strangers to making a determination of whether matters are frivolous. *See* 18 U.S.C.A. § 3148 (denial of bail if appeal is frivolous); 28 U.S.C.A. § 1915(a); *Coppedge v. United States*, 369 U.S. 438, 443–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962) (denial of leave to appeal in forma pauperis if appeal is frivolous). Indeed, in considering a double jeopardy motion, the district court must determine whether a defendant has tendered a prima facie nonfrivolous double jeopardy claim before shifting the burden of persuasion to the Government. *See United States v. Strick-*

*lin,* 591 F.2d 1112, 1117–18 (5th Cir.), *cert. denied,* —— U.S. ——, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979).

 The requirement of a written finding will enable this Court to review as expeditiously as possible a defendant's appeal and any request for relief from a district court's determination that an appeal is frivolous and does not deprive the court of jurisdiction to proceed. *See United States v. Barham,* 608 F.2d 602 (5th Cir. 1979) (expedited consideration of appeal from denial of double jeopardy motion). This Court is, of course, empowered to protect the defendant's double jeopardy rights by staying proceedings below pending appeal, F.R.A.P. 8, or by issuing a writ of mandamus or prohibition, 28 U.S.C.A. § 1651. *See Hitchmon,* 602 F.2d at 694; *Ruby v. Secretary of U. S. Navy,* 365 F.2d at 389. The availability of such procedures provides sufficient safeguards against infringement of a defendant's double jeopardy right not to be tried pending an appeal from the denial of a nonfrivolous motion.

We recognize this rule implements a theory of dual jurisdiction. If an appeal from a motion decided to be frivolous by the district court is found meritorious by the appellate court, the conviction in the district court would be reversed. If found not to have merit, jurisdiction for the trial which occurred during the appeal would be affirmed. The idea of dual jurisdiction is not a new concept in federal jurisprudence, however. After the filing of a notice of appeal, the trial court retains jurisdiction to modify or grant an injunction pending appeal, to act with regard to appeal and supersedeas bonds, and to aid execution of a judgment that has not been superseded. 9 J. Moore, Moore's Federal Practice § 203.11 at 734–36 (2d ed. 1975).

The district court's denial of the double jeopardy motion is affirmed, the assertion of jurisdiction to try the defendant after the filing of the notice of appeal is affirmed, and the case is remanded to the panel for disposition of Dunbar's other claims of error on the appeal from the convictions.

AFFIRMED IN PART AND REMANDED TO PANEL.