**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**G. Cecil HARTLEY, Defendant-Appellant.**

No. 79–3597
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 3, 1980.

Arnold D. Levine, Tampa, Fla., for defendant-appellant.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Lynn Hamilton Cole, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

PER CURIAM:

G. Cecil Hartley appeals the denial of his double jeopardy claim. His trial has been delayed pending disposition of this appeal. This Court expedited briefing of the appeal, F.R.A.P. 31(a), and we now expedite consideration of the merits of the appeal so that the trial may proceed. *See United States v. Dunbar*, 611 F.2d 985 (5th Cir. 1980) (en banc); *United States v. Barham*, 608 F.2d 602 (5th Cir. 1979).

Hartley was vice president of Treasure Isle, Inc., a Florida corporation engaged in the processing of shrimp products. He has been charged in a 33-count indictment with conspiracy to defraud the United States Government, mail fraud, interstate transportation of money obtained by fraud, and conduct of an enterprise through a pattern of racketeering activity. 18 U.S.C.A. §§ 371, 1341, 2314, 1962(c). The indictment alleges that Hartley and his codefendants, plant manager Travis Dell, assistant plant superintendent Robert L. Paterson and Treasure Isle, defrauded the Government by selling it shrimp which did not conform to contract specifications.

After the indictment issued, Hartley received a letter from the Defense Department's contracting agency temporarily suspending him from contracting with the Department. Under 32 C.F.R. § 1–605.1(i)(A) (1979), such a suspension is authorized if fraud in the performance of a public contract is *suspected upon adequate evidence.* Suspension continues until related criminal proceedings are completed. 32 C.F.R. § 1–605.2(c) (1979). Hartley argues that res judicata, collateral estoppel and double jeopardy principles preclude trial under his criminal indictment because the administrative suspension is a "punishment" already imposed for the conduct underlying the indictment.

The doctrines of res judicata and collateral estoppel are clearly inapplicable to the circumstances of this case. Res judicata applies only when a court of competent jurisdiction has rendered a final judgment on the merits of an action. *See Kemp v. Birmingham News Co.*, 608 F.2d 1049, 1052 (5th Cir. 1979); *Continental Casualty Co. v. Canadian Universal Insurance Co.*, 605 F.2d 1340, 1343 (5th Cir. 1979). Collateral estoppel applies "when an issue of ultimate fact has once been determined by a valid and final judgment." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970); *see United States v. Larkin*, 605 F.2d 1360, 1369–70 (5th Cir. 1979); *United States v. Mock*, 604 F.2d 341, 343–44 (5th Cir. 1979). A summary determination by the Defense Department that Hartley's criminal indictment is adequate evidence upon which to base a suspicion of fraud satisfies none of these requirements.

Hartley's double jeopardy rights would not be infringed by either his trial or, if he is found guilty, punishment for the charges stated in the indictment. The Double Jeopardy Clause "is a guarantee against being twice put to *trial* for the same offense" and against "being subjected to double punishments." *Abney v. United States*, 431 U.S. 651, 660–61, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977). The Defense Department's summary suspension procedure did not involve a trial. Nor is the suspension in purpose or in fact a punishment of Hartley within the scope of the Double Jeopardy Clause. The suspension is simply intended to protect the Government by abating further contractual agreements pending disposition of the criminal proceedings against those with which it does business. *See* 32 C.F.R. § 1–605 (1979). The exercise of whatever right the Government may have to refuse to contract with those charged with fraud does not foreclose judicial resolution of criminal charges.

AFFIRMED.