**UNITED STATES of America**

v.

**Errol Ricardo BIZZARD.**

**Crim. A. No. 478–66.**

United States District Court, S. D. Georgia, Savannah Division.

Aug. 6, 1980.

David Roberson, Asst. U. S. Atty., Savannah, Ga., for plaintiff.

James F. Ponsoldt, Athens, Ga., for defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS INDICTMENT

BOWEN, District Judge.

The first trial of defendant Bizzard, which resulted in a jury conviction, was reversed and remanded by the Court of Appeals. *United States v. Bizzard*, 615 F.2d 1080 (5th Cir. 1980). Circuit Judge Garza, held that defendant may be retried without any double jeopardy violation since the reversal was on an issue of trial error. In accordance with this directive of the appellate court, the case was scheduled for retrial before this Court. Defendant filed a pretrial motion pursuant to Fed.R.Crim.P. 12(b) seeking dismissal of the indictment on the basis that retrial would violate the dou-

ble jeopardy clause. After a hearing, the motion was found nonfrivolous, and, upon due consideration, was denied. Defendant, thereafter, filed notice of appeal which divested the Court of jurisdiction. *United States v. Dunbar*, 611 F.2d 985 (5th Cir. 1980).

■ In *Dunbar*, the Fifth Circuit outlined the procedure district courts should follow in denying double jeopardy motions.

[T]he district courts, in any denial of a double jeopardy motion, should make written findings determining whether the motion is frivolous or nonfrivolous. If the claim is found to be frivolous, the filing of a notice of appeal by the defendant shall not divest the district court of jurisdiction over the case. If nonfrivolous . . . the trial cannot proceed until a determination is made of the merits of an appeal.

*Id.* at 988. Thus, *Dunbar* requires a written determination on the issue of frivolity. In making this determination, the district court may be guided by the same standards applied in denying leave to appeal *in forma pauperis* if the appeal is frivolous. *Id.* (citing *Coppedge v. United States*, 369 U.S. 438, 443–45, 82 S.Ct. 917, 919–21, 8 L.Ed.2d 21 (1962)).

Frivolity in the context of *in forma pauperis* proceedings was considered by the Fifth Circuit in *Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976). Citing *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) in which the Supreme Court defined a frivolous appeal in a criminal case as being one without arguable merit, the *Watson* court concluded that "this same test or standard should be applied in the trial court but in terms of the arguable substance of the claim presented, both in law and in fact." 525 F.2d at 892. The Fourth Circuit expanded upon this definition, holding that "[t]o satisfy the test of frivolousness . . . it is . . . essential . . . to find 'beyond doubt' and under any 'arguable' construction, 'both in law and in fact' of the substance of the plaintiff's claim that he would not be entitled to relief." *Boyce v. Alizaduh*, 595 F.2d

948, 952 (4th Cir. 1979). Thus, an adverse determination on the merits or the failure to make a prima facie showing by no means renders a motion frivolous.

■ Defendant makes two arguments in support of the double jeopardy claim: (1) the double jeopardy clause precludes retrial since the evidence in the first trial was insufficient to convict defendant of aiding and abetting in the use of a dangerous weapon as charged in the indictment; and (2) instances of prosecutorial misconduct in the first trial invoke the interests protected by the double jeopardy clause and thereby prohibit retrial.

In deciding the frivolity issue, an initial concern is the directive of the Fifth Circuit that his case may be retried without any violation of the double jeopardy clause. 615 F.2d at 1082. This ruling, however, was based solely on the court's reversal for trial error; no other double jeopardy issue was reached. *Id.* (citing *United States v. Fitzpatrick*, 581 F.2d 1221, 1224 n. 4 (5th Cir. 1978)). The limited appellate court decision would not preclude a favorable determination on the double jeopardy claims raised by defendant's motion, and, therefore, has no bearing upon the question of frivolousness.

The first double jeopardy ground assigned by defendant centers on the rule that "in a prosecution for aiding and abetting armed bank robbery, the government must establish not only that the defendant knew that a bank was to be robbed and became associated with and participated in that crime, but also that the defendant 'knew that [the principal] was armed and intended to use the weapon, and intended to aid him in that respect.'" *United States v. Longoria*, 569 F.2d 422, 425 (5th Cir. 1978) (quoting *United States v. Short*, 493 F.2d 1170, 1172 (9th Cir. 1974). Defendant maintains that in the first trial the government failed to make this required evidentiary showing and argues that retrial would therefore transgress the principle that "[t]he Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply

evidence which it failed to muster in the first proceeding." *Burks v. United States,* 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978).

This claim cannot be termed frivolous. The Court cannot find beyond doubt and under any arguable construction, both in law and in fact of the substance of the claim that there would be no entitlement to relief. Certainly, the legal points are at the least arguable on their merits. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).

The second double jeopardy ground for dismissal of the indictment raised by defendant concerns allegations of prosecutorial overreaching. Eight prosecutorial comments were listed which defendant claimed were either "false", "untrue" or "unsupported" statements made during the course of trial.

■ Prosecutorial misconduct as a bar to retrial has arisen when the first trial ends in mistrial. *See, e. g., United States v. Kessler,* 530 F.2d 1246 (5th Cir. 1976). Ordinarily the double jeopardy clause does not preclude retrial when defendant requests and is granted a mistrial. *See United States v. Jorn,* 400 U.S. 470, 485, 91 S.Ct. 547, 557, 27 L.Ed.2d 543 (1971). An exception to this general rule exists when the motion for mistrial is based on bad faith prosecutorial overreaching. *See United States v. Dinitz,* 424 U.S. 600, 611, 96 S.Ct. 1075, 1081, 47 L.Ed.2d 267 (1976); *United States v. Jorn,* 400 U.S. 470, 485 n. 12, 91 S.Ct. 547, 557 n. 12, 27 L.Ed.2d 543 (1971). If there is proof that the prosecutor's bad faith conduct provoked the motion for mistrial, then policy considerations underpinning the double jeopardy clause bar retrial. *See Hawk v. Berkemer,* 610 F.2d 445, 448 n. 3 (6th Cir. 1979).

Whether this bar to retrial applies in context other than a defense request for mistrial is unresolved. While specifically reserving decision, the Fifth Circuit recently indicated that the double jeopardy clause may not bar retrial when prosecutorial overreaching was the basis for appellate reversal. *United States v. Opager,* 616 F.2d 231, 236 (5th Cir. 1980) (citing *United States v. Scott,* 437 U.S. 82, 90–91, 98 S.Ct. 2187, 2193, 57 L.Ed.2d 65 (1978) ("the successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict . . . poses no bar to further prosecution on the same charge.")). The applicability of prosecutorial overreaching as a bar to retrial would seem even more doubtful, therefore, when the basis for reversal is trial error and the overreaching claim is raised prior to the new trial as in the present case.

■ Yet, assuming the bar might pertain to this case, the Court concludes that no bad faith prosecutorial overreaching occurred in defendant's first trial. The criteria to support a finding of prosecutorial overreaching are stringent. *See* 616 F.2d at 234. "To find 'prosecutorial overreaching,' the Government must have, through 'gross negligence or intentional misconduct,' caused aggravated circumstances to develop which 'seriously prejudice[d] a defendant' causing him to 'reasonably conclude that a continuation of the tainted proceeding would result in a conviction.' " *United States v. Kessler,* 530 F.2d 1246, 1256 (5th Cir. 1976) (citation and footnote omitted). *See United States v. Gaultney,* 606 F.2d 540 (5th Cir. 1979); *United States v. Garza,* 603 F.2d 578 (5th Cir. 1979). Mere negligence on the part of the Government is insufficient. *United States v. Luttrell,* 609 F.2d 1190, 1191 (5th Cir. 1980).

■ A careful review of the allegations of prosecutorial misconduct made by defendant reveals no gross negligence or intentional misconduct by the Government. At worst the prosecutor's conduct amounted to mere mistake. The comments were errors made in the heat of trial and nothing more. Reasonably zealous prosecution is still permitted.

Once again, however, this second ground may not be characterized as frivolous. As with the first ground, the Court cannot find beyond doubt and under any arguable construction, both in law and in fact of the substance of the claim that there would be no entitlement to relief.

Accordingly, the defendant's motion to dismiss the indictment is DENIED this 6th day of August, 1980, effective the 29th day of July, 1980, *nunc pro tunc.*