**UNITED STATES of America, Plaintiff,**

v.

**Randall R. KELLY and Jeffrey A. Sparks, Defendants.**

**No. 87–10043–Cr.**

United States District Court,
S.D. Florida,
Miami Division.

March 31, 1988.

Leon Kellner, U.S. Atty., Miami, Fla., for plaintiff.

David Tucker, Miami, Fla., for Kelly.

Barry Siegel, Tavernier, Fla., for Sparks.

## ORDER GRANTING JUDGMENT OF ACQUITTAL

JAMES LAWRENCE KING, Chief Judge.

The court writes today to address an unusual and particularly troublesome situation that recently arose before it. This court directed acquittal of two defendants after the government decided not to present any evidence in support of its case. As the record reflects, the government's bizarre behavior at trial is consistent with

the U.S. Attorney's other actions in this case.

## I. BACKGROUND

The history of this case is well documented in Magistrate Turnoff's Report and Recommendation and Supplemental Report and Recommendation. The evidentiary hearing on the motion to suppress was scheduled three separate times. The government appeared on the third scheduled date, a date the government itself chose, but failed to notify its witnesses. Once again, the government was unprepared to challenge the defendant's motion.

Accordingly, Judge Turnoff found that the government failed to meet its burden of proof. This court agreed with Judge Turnoff and accepted his recommendation that the motion to suppress should be granted. The court denied the government's motion for reconsideration on March 10, 1988, and immediately telephoned the U.S. Attorney's Office to notify the government of this ruling. This court, therefore, proceeded to set this action as its number one case for trial commencing Monday, March 14, 1988.[1]

On Monday, March 14, 1988, at approximately 9:30 a.m., this cause came up for trial as scheduled. The Assistant United States Attorney then informed the court that only minutes before the government had filed an appeal of the suppression order. Because the government neither presented a copy of the appeal to the court, nor mentioned the authority upon which it relied for its last-minute appeal, the court presumed the appeal was taken pursuant to 18 U.S.C. § 3731.

The U.S. Attorney represented to the court that her office sought a stay of the entire case until the Eleventh Circuit Court of Appeals heard the appeal. The court informed the U.S. Attorney that it was troubled by the manner in which the defendants had already been treated and that a stay at this late juncture would be inappropriate.

The court then gave the government two options: the government could either move to dismiss the indictment, which the court was willing to grant *without prejudice*, or proceed to trial. The U.S. Attorney stated that her office informed her not to move to dismiss. The court then called the jury, and the U.S. Attorney responded, "We are not prepared to go forward." The Assistant U.S. Attorney informed the court that she was inclined to agree with the court's logic and move for dismissal, but she believed that the Office would not accept the court's position.[2]

After a delay of five or ten minutes while awaiting the arrival of the jury, the U.S. Attorney said she had checked with the Office. She informed the court that the Office was adamant in its belief that the court lacked jurisdiction. She summarized the government's position by arguing that once a notice of appeal is filed, this court's jurisdiction "evaporates." The court asked if the U.S. Attorney had any authority to support the government's position. She stated she had no authority, but eventually another Assistant U.S. Attorney informed her and the court of *United States v. Dunbar*, 611 F.2d 985 (5th Cir.1980). The court then reviewed this sole authority and found it inapposite.

The court, following the U.S. Attorney's insistence on proceeding to trial, then empaneled the jury. After the jury was empaneled, the court asked the attorneys if they wished to make an opening statement; both parties declined. The court then asked the government to call its first witness and the government responded that it

---

1. The record reflects that this was not the first time the case was scheduled for trial. On October 2, 1987, this cause was initially set for trial for the week commencing December 7, 1987. The case was next reset for the two-week calendar commencing February 8, 1988. These reschedulings resulted from the delays associated with handling the suppression motions.

2. The court finds the U.S. Attorney's sending of a thoroughly unprepared attorney to appear before the court on March 14, 1988, to be tantamount to an additional nonappearance by the government. Although the court found Ms. Moore's personal demeanor satisfactory, this judge, in 17 years' experience as a trial judge, has never witnessed the government attempting to abuse the criminal justice system as they have here.

had no witnesses. The government rested, and defense counsel moved for judgments of acquittal pursuant to Fed.R.Crim.P. 29, which the court granted.

## II. DISCUSSION

Obviously, when the government presents no evidence at trial, a directed acquittal is imperative. Federal Rule of Criminal Procedure 29(a) mandates a court to enter a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." In this instance, the government presented not a single shred of evidence to support the indictment. Because no reasonable juror could find beyond a reasonable doubt that defendants were guilty as charged, a directed acquittal was proper. *Jackson v. Virginia,* 443 U.S. 307, 316–319, 99 S.Ct. 2781, 2787–89, 61 L.Ed.2d 560 (1979); *United States v. Amato,* 495 F.2d 545, 549 (5th Cir.1974).

The government never opposed the entry of a directed verdict. It only maintained that the court lacked jurisdiction to proceed in any manner. The thrust of the government's argument was that this court had no jurisdiction to proceed once the appeal was filed—here, literally thirty-five minutes before court was called into session. Contrary to the government's single-mindedness, the resolution of this problem requires a more sophisticated and balanced approach.

### A. The Court Has Jurisdiction.

■ The question of whether a court has jurisdiction after the government has filed an appeal pursuant to 18 U.S.C. § 3731 has been addressed in *United States v. Gatto,* 763 F.2d 1040 (9th Cir.1985). In *Gatto,* the Ninth Circuit rejected the government's argument that the district court was divested of all jurisdiction solely because the government appealed an unfavorable exclusionary order. *Id.* at 1049. The *Gatto* court relied upon sound authority in find-

ing that a district court has jurisdiction over all matters but those aspects involved in the appeal. *Id.* (citing cases).

Although the Eleventh Circuit has never expressly addressed the issue involved, the Fifth Circuit has in essence agreed with *Gatto.* In *United States v. Hitchmon,* 602 F.2d 689, 692 (5th Cir.1979) (*en banc*), the court found that the filing of appeal only divests the district court of jurisdiction as to the matter being appealed. *Id.* at 692. Even assuming that the eleventh-hour appeal was filed for purposes other than delay, the court would only be precluded from making rulings concerning the subject matter of the appeal.

The reasoning for this limited divesture of jurisdiction is compelling, for more than just the government's rights are involved in a § 3731 appeal.[3] By enacting § 3731, Congress "intended to remove all statutory barriers to government appeals and to allow appeals whenever the Constitution would permit." *See United States v. Scott,* 437 U.S. 82, 85, 98 S.Ct. 2187, 2191, 57 L.Ed.2d 65 (1978) (quoting *United States v. Wilson,* 420 U.S. 332, 337, 95 S.Ct. 1013, 1019, 43 L.Ed.2d 232 (1975). Nevertheless, Congress never intended to ignore the rights of a defendant to a swift and fair trial, especially in light of the fact that the government, prior to the passage of § 3731, had no right to appeal in criminal matters. *Scott,* 437 U.S. at 84–85, 98 S.Ct. at 2190.

In reaching its conclusion, the *Gatto* court analyzed all interests concerned in a § 3731 appeal. The court utilized a balancing test in concluding that a district court retains jurisdiction over matters not appealed. *Gatto,* 763 F.2d at 1050. The Ninth Circuit was aware of the potential abuse that the government's conditional right to appeal might have on the criminal trial process and the rights of the defendant. *Id.* The *Gatto* court believed the

---

3. As the government conceded at trial, a § 3731 appeal is unique to the government. The government correctly maintained that a defendant's filing of an interlocutory appeal did not divest jurisdiction from this court. The government maintained that only it could divest juris- diction by filing its appeal. Irrespective of the fact that the government could not give any support to its claim to this fictional special right, the government remained steadfast with its position.

government's right to appeal pretrial suppression orders must be balanced with a defendant's right to proceed to trial on the indictment. *Id.* The court found this result is best achieved "by retaining jurisdiction in the district court to dismiss the indictment in appropriate cases." *Id.*

*Gatto's* reasoning is both theoretically and practically valid. A criminal trial is not an infinite process. At some point the government must move forward with its prosecution to remove the sword it leaves hanging over a defendant's head. Otherwise, both the defendant and the criminal case would be tried only at the government's whim, thus stripping the federal court of its inherent power to control its criminal docket.

### B. A Court Must Exercise Its Discretion and Determine Whether the Conditions of § 3731 Have Been Satisfied.

■ The mere fact that a district court retains jurisdiction, however, does not necessarily mean that the cause must immediately proceed to trial. A district court must exercise its discretion to determine if the three conditions of § 3731 have been satisfied.[4] If they have, which is usually the case, a district court will stay the proceedings pending the outcome of the appeal. This is a necessary mechanism to preserve Congress' intent underlying the conditional right of appeal in § 3731.[5] As is obvious from the record, however, this is not an ordinary case; therefore, a stay is inappropriate.

In order to proceed under 18 U.S.C. § 3731, three conditions must be satisfied:

(1) the defendant must not have first been placed in jeopardy; (2) the evidence suppressed must have been a substantial aspect of the government's claim; and (3) the appeal must not have been taken for the purpose of delay. *Gatto,* 763 F.2d at 1050; *United States v. Loud Hawk,* 628 F.2d 1139, 1150 (9th Cir.1979), *cert. denied,* 445 U.S. 917, 100 S.Ct. 1279, 63 L.Ed.2d 602 (1980). In this case, the court finds that the government has taken this appeal for purposes of delay.

This last-minute appeal is yet another attempt by the government to frustrate the workings of this court with respect to this case. The government's actions before Judge Turnoff delayed this trial for two months. When the court combines the government's previous lack of professionalism with its sending of an attorney to *trial* who was unfamiliar with the case, who had no authority to support its position, and who had neither witnesses nor evidence to present, the scales of justice lean toward delay. Moreover, the government never maintained at trial that it could not proceed against the defendants with evidence not involved in the pretrial appeal. It just maintained that this court lacked jurisdiction. In light of its previous actions, this court would not find it surprising if the government waited for the resolution of the pretrial appeal and then proceeded against the defendants with a large part of its case involving evidence other than the subject of the § 3731 appeal.

The government's eleventh-hour filing of its appeal, therefore, was for purposes of

---

**4.** This discretionary mechanism derives from the reasoning in *United States v. Loud Hawk,* 628 F.2d 1139, 1150 (9th Cir.1979). *Loud Hawk* found the district court to have abused its discretion in dismissing an entire indictment while a § 3731 appeal was pending. *Id.* The court found that the district court should have dismissed a particular count of the indictment only if the government had failed to meet the three requirements of § 3731 with respect to that count. *Id.* The *Loud Hawk* court, therefore, ordered the district court to reinstate the counts of the indictment that met the requirements of § 3731. *Id.* The Ninth Circuit's holding, therefore, necessarily requires a district court to utilize its discretion and determine whether the

government has established the conditions of § 3731.

**5.** Obviously, if a district court never stayed the proceedings, the government's right to appeal under § 3731 would be eviscerated. If a stay is not granted, the government would be forced to try defendants without a substantial part of its case, for a § 3731 must involve this type of evidence. This would force either the government or the court to dismiss the indictment. The government would then consolidate the previous § 3731 appeal with its appeal of the order of dismissal. Absent an order reinstating the indictment, therefore, the resolution of the pretrial appeal would have no case in which to return.

delay. The government has failed to meet the requirements of § 3731. This court, having jurisdiction, cannot utilize its discretion and stay these proceedings. The entry of a directed acquittal, therefore, is proper.

Accordingly, after a careful review of the record, and the court being otherwise fully advised, it is

ORDERED AND ADJUDGED that defendants' motions for judgment of acquittal be, and the same are hereby, GRANTED.

DONE AND ORDERED in chambers at the United States Courthouse, Federal Courthouse Square, Miami, Florida, this 31st day of March 1988.