UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-2244
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

JAMES E. STAFFORD,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
_____

(August 3, 1994)

Before GARWOOD, SMITH and DeMOSS, Circuit Judges.

GARWOOD, Circuit Judge:

    James E. Stafford (Stafford) was convicted of, and sentenced for, tax evasion. 26 U.S.C. § 7201. He appealed. In *United States v. Stafford*, 983 F.2d 25 (5th Cir. 1993), we affirmed his conviction but vacated a portion of his sentence concerning conditions of probation. Upon remand for resentencing, the district court modified Stafford's sentence in accordance with our decision. At the same time, the court revoked his probation for failure to file a 1991 income tax return. Stafford now brings this appeal, claiming that the district court lacked jurisdiction to

alter his sentence or revoke his probation because our mandate from his first appeal had not issued at the time of the district court's order and judgment.  Although we do not endorse the district court's decision to act upon our judgment before the mandate issued, we conclude that no plain error occurred in Stafford's resentencing or in the revocation of his probation.

## Facts and Proceedings Below

Stafford was convicted of three counts of tax evasion for failing to file income tax returns for the years 1985 to 1987.  In February 1992, he was sentenced to three years' probation. Conditions placed upon his probation required him to spend six months in a halfway house and perform fifty hours of community service.  In addition, the district court ordered Stafford to provide his probation officer access to any requested financial information and to cooperate with the Internal Revenue Service (IRS) to resolve the issue of his tax liability.

Stafford appealed his conviction and sentence, challenging, *inter alia*, the conditions of his probation concerning provision of financial information and cooperation with the IRS.  In an opinion filed on January 26, 1993, we affirmed his conviction but agreed that the obligations to provide access to any financial information and to cooperate with the IRS for unspecified tax years were "overly broad and harsh."  *Stafford*, 983 F.2d at 26.  We vacated his sentence and remanded for resentencing as to those portions of his sentence.

On September 18, 1992, while Stafford's appeal was pending, his probation officer filed a motion in the district court for

2

revocation of Stafford's probation. The motion alleged that Stafford had violated 26 U.S.C. § 7203 by failing to file his 1991 income tax return and that he had failed to follow the instructions of his probation officer regarding the necessity of filing his 1991 return. The district court set a hearing on this motion for October 23, 1992; this hearing was continued upon Stafford's motion until our Court could rule on his appeal.

After our opinion issued in January 1993, the district court set a hearing for February 26, 1993, to consider the matters of Stafford's sentence and the government's motion for revocation of probation. Stafford's attorney moved for a continuance to resolve a conflict with his personal schedule. Stafford did not bring to the district court's attention the lack of a mandate from our Court, nor did he ask the court to continue the hearing until after the issuance of our mandate. Instead, he merely asked for the court to continue the hearing "until after February 26, 1993."[1] The district court granted his motion and set the resentencing and probation revocation hearing for March 19, 1993.

On March 19, the district court resentenced Stafford, in accordance with our judgment, to three years' probation, with the

_____

[1]     At the resentencing hearing, counsel for Stafford stated that the court had already noted "the fact that Mr. Stafford is still in the appeal process." This reference was to a comment made at the beginning of the hearing in which the district court cited our order remanding the case with instructions for resentencing. The court announced its intention to impose a corrected sentence and to proceed with the revocation motion. When asked if that was acceptable, counsel for Stafford assented. At no point during the hearing did Stafford raise any issue concerning the propriety of the district court's entertaining and acting upon his resentencing or the motion for revocation of probation.

3

amended condition that his cooperation with the IRS was limited to tax years 1985 to 1987, and the years covered by his probation, and would "not exceed that level of cooperation which could be compelled pursuant to federal civil discovery and trial rules." *Stafford*, 983 F.2d at 29. At the same hearing, the district court revoked Stafford's probation. In its judgment and order issued March 25, the district court expressly found that he had violated federal law by failing to file his 1991 income tax return. The court imposed a one-year term of imprisonment to be followed by two years of supervised release.

Owing to Stafford's two motions for extensions of time in which to file petitions for rehearing, the mandate resulting from our judgment of January 26, 1993, did not issue until May 10, 1993.[2]

In June 1993, Stafford moved the district court to stay the execution of his judgment and commitment pending appeal of the order of revocation to this Court. He argued that the district court had improperly revoked his probation for failure *to pay* his 1991 taxes because his tax liability for that year had not been conclusively established. Again, although our mandate had issued by this time, Stafford did not raise the question of the district court's jurisdiction in his motion. The district court denied the stay; Stafford had violated federal law, and thereby the conditions

---

[2]     Stafford's petition for rehearing was finally filed on April 13, 1993. We denied the petition on April 29, and the mandate issued May 10.

of his probation, by willfully failing *to file* a 1991 tax return.

In his second appeal, Stafford argues that the district court lacked jurisdiction to resentence him and to revoke his probation because our mandate did not issue until after the district court's actions.[4]

## Discussion

Stafford claims that the district court violated the rule that an appellate court retains jurisdiction over an appeal until it has issued a mandate to implement its judgment. *United States v. Cook*, 592 F.2d 877, 880 (5th Cir.), *cert. denied*, 99 S.Ct. 2847 (1979). Therefore, reasoned the court in *Cook*, the district court did not reacquire jurisdiction over the case until the issuance of the mandate. Relying on this "transfer of jurisdiction" rule, Stafford claims that the district court in the present case was without jurisdiction to modify his sentence or revoke his probation in March 1993 because the mandate from his first appeal did not issue (and jurisdiction was not returned to the district court) until May 10, 1993.

This rule is not inviolable, however. We have recognized that the "'decision as to whether jurisdiction exists in a trial or appellate court, or both, can be the product of reasoned choice.'" *United States v. Dunbar*, 611 F.2d 985, 987 (5th Cir. 1980) (*en*

---

[3]    Stafford then sought a stay from this Court.  This Court denied the requested stay.

[4]    Although Stafford includes issues related to his resentencing in his arguments on appeal, in his notice of appeal he challenges only the order revoking his probation.  Finding no plain error in either case, we include both in our discussion.

*banc*) (quoting *United States v. Hitchmon*, 587 F.2d 1357, 1362-63 (5th Cir. 1979) (panel opinion) (Higginbotham, J., concurring)). We have applied this concept of "dual jurisdiction" between the appellate and district courts to allow a district court to correct an illegal sentence pursuant to Federal Rule of Criminal Procedure 35(a) after the filing of a notice of appeal.[5] *United States v. Ortega*, 859 F.2d 327, 334-35 (5th Cir. 1988), *cert. denied*, 109 S.Ct. 1157 (1989).

In *Ortega*, the defendant was convicted of firearms offenses and sentenced to seven years' imprisonment. One week after his notice of appeal was filed, the government filed a Rule 35(a) motion to correct his sentence in the district court because the sentence was below the statutory minimum and therefore illegal. The district court granted the motion and increased the defendant's sentence to fifteen years in compliance with the pertinent statute. On appeal, Ortega, like Stafford, objected to the increase in his sentence on the ground that the district court lacked jurisdiction to modify his sentence because of the pending appeal.

Relying on our earlier opinion in *United States v. Dunbar*, 611 F.2d at 987-989, we held that the district court had jurisdiction to correct Ortega's sentence. In *Dunbar*, the district court

---

[5]     *See also United States v. Dunbar*, 611 F.2d at 989 (holding that pending appeal of a denial of a frivolous double jeopardy motion did not preclude concurrent trial in district court). In *Dunbar*, we observed that "dual jurisdiction" is not a new concept; it has been applied to allow a district court "to modify or grant an injunction pending appeal, to act with regard to appeal and supersedeas bonds, and to aid execution of a judgment that has not been superseded." *Id*. (citing 9 J. MOORE, MOORE'S FEDERAL PRACTICE § 203.11 at 734-36 (2d ed. 1975)).

denied, on the first day of his trial, the defendant's motion based on double jeopardy grounds. Notwithstanding the defendant's immediate appeal of that ruling, the court proceeded with the trial, and the jury returned a verdict of guilty. We weighed the risk that the defendant's constitutional rights might be invaded against the need for the district court to prevent intentional dilatory tactics. *Dunbar*, 611 F.2d at 988. Upon the facts of that case, we concluded that the district court had jurisdiction to proceed with Dunbar's trial even as his double jeopardy appeal was pending.[6] *Id*. The circumstances of *Ortega* presented less severe implications: postponement of a Rule 35(a) motion would cause less disruption than last-minute delay of a trial, and "no constitutional right of the defendant would be infringed by correcting a sentence that would later be vacated if the defendant's appeal of the conviction [were] successful." *Ortega*, 859 F.2d at 335 (footnote omitted).

Stafford's circumstances are akin to those in *Ortega*, and the same reasoning applies. Although, unlike the court in *Ortega*, the district court was not faced with a statutorily compelled result, it was not without guidance in resentencing Stafford and revoking his probation. The court had the benefit of our decision in Stafford's original appeal and resentenced him in full conformity with that decision. The district court risked our modifying our opinion on rehearing, but significantly, as it turns out, this did

---

[6] It was obvious to the courts considering the issue that this motion was "'both frivolous and dilatory.'" *Dunbar*, 611 F.2d at 987 (quoting *United States v. Dunbar*, 591 F.2d 1190, 1193 (5th Cir. 1979) (panel opinion)).

7

not come to pass. Furthermore, the court revoked Stafford's probation upon the valid grounds, supported by the evidence, that he had violated federal law and had failed to follow his probation officer's proper instructions. The district court's actions did not interfere with proceedings in our Court, nor did they implicate Stafford's constitutional rights. We conclude that the present case falls within the narrow confines of the "dual jurisdiction" theory of *Ortega*, and that under the particular circumstances here the district court had *jurisdiction* to modify Stafford's sentence and revoke his probation.

We do not say that the district court should not have waited for our mandate or committed no error by failing to do so; we say only that the court was not wholly lacking in *jurisdiction* to act, so its actions were not void. *Cf. Sierra Club v. Yeutter*, 926 F.2d 429, 435-437 (5th Cir. 1991) (statutory provision for notice prior to suit, though mandatory, is not jurisdictional in strict sense of the term).

The district court *should* have awaited our mandate; its failure to do so, although not a strictly jurisdictional defect, was error. But Stafford raised no question in this respect below, and we are hence limited to review for plain error. In order to gain relief under this standard, Stafford must show that (1) the district court deviated from a legal rule, (2) the error was clear or obvious, and (3) the error affected substantial rights and influenced the district court proceedings. *United States v. Olano*, 113 S.Ct. 1770, 1777-78 (1993). This Court "should correct a plain forfeited error affecting substantial rights if the error

8

`seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 1779 (quoting *United States v. Atkinson*, 56 S.Ct. 391, 392 (1936)). Under the circumstances here, Stafford's appeal does not meet the test for plain error.

Stafford did not challenge the propriety of the district court's taking action on these matters and, in fact, appears to have acquiesced to it. In his second motion for a continuance of the probation revocation hearing, Stafford asked the court to continue the hearing "until after February 26, 1993," in order to resolve a conflict in his attorney's personal schedule. Stafford did not at any time ask the district court to stay the hearing until after the mandate issued. At the resentencing hearing, the district court announced its intention to impose a new sentence and to consider the motion for revocation of probation; counsel for Stafford agreed to this order of proceeding and did not challenge the district court's authority to conduct the hearing.

Furthermore, any error in conducting the resentencing hearing was not obvious. The rules governing appellate procedure provide that the mandate of our Court

> "shall issue 21 days after the entry of judgment unless
> the time is shortened or enlarged by order. . . . The
> timely filing of a petition for rehearing will stay the
> mandate until disposition of the petition unless
> otherwise ordered by the court. If the petition is
> denied, the mandate shall issue 7 days after entry of the
> order denying the petition unless the time is shortened
> or enlarged by order." FED. R. APP. P. 41(a).

No entry in the district court's docket sheet at the time of the resentencing revealed that Stafford had requested, and was granted, an enlargement of time in which to file a petition for rehearing in

9

our Court, or that, in fact, our mandate had not yet issued. The district court could easily have assumed that the mandate had issued per Rule 41(a) on the twenty-first day after the entry of judgment on January 26, 1993.

Finally, any alleged error did not affect Stafford's substantial rights. The district court's modifications of his sentence were in conformity with our earlier decision, and the revocation of his probation was well-founded. A "ritualistic" application of the transfer of jurisdiction rule of *United States v. Cook* would merely result in a reversal and remand to the district court to do what it has already done. *See Ortega*, 859 F.2d at 334 n. 12 (citing criticism of the transfer of jurisdiction rule as applied in *United States v. Hitchmon*, 587 F.2d 1357 (5th Cir. 1979), *rev'd en banc*, 602 F.2d 689 (5th Cir. 1979), in 9 J. MOORE & B. WARD, MOORE'S FEDERAL PRACTICE ¶ 203.11 at 3-5-54)).

There was no plain error.

## Conclusion

For the reasons stated above, the district court's order revoking Stafford's probation and resentencing him according to our prior opinion is

AFFIRMED.

10