68 F.3d 474
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark E. GILBERT, Plaintiff-Appellee,
v.
Robert METZLER, Defendant-Appellant,
Marilyn Metzler; Predator Marine Corporation; Performance
Offshore Marine Corporation, Defendants.
 Nos. 94-2051, 94-2251.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1995.
 
 1
 Before: KENNEDY and MOORE, Circuit Judges; and JOHNSTONE, District Judge.*
 
 ORDER
 
 2
 Robert Metzler appeals a district court order denying his Fed.R.Civ.P. 60(b) motion for relief from judgment (Appeal No. 94-2051) and a subsequent district court order granting a receiver appointed in this case the authority to settle a pending state court civil lawsuit (Appeal No. 94-2251). The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1990, Metzler, Metzler's wife, and two corporate entities were sued in the district court in diversity jurisdiction on various state law claims including fraud arising from a contract Metzler entered into to build a boat for the plaintiff. Following trial at which Metzler was represented by counsel, a jury found for the plaintiff on all claims and awarded plaintiff possession of certain boat molds, $44,614.26 against the defendant corporations, and $294,412.76 against all defendants. Metzler and his wife appealed the district court's judgment to this court pro se. While the appeal was pending before this court, Metzler filed a motion in the district court pursuant to Fed.R.Civ.P. 60(b) for relief from the judgment. The district court denied the motion following a hearing, and Metzler and his wife filed a notice of appeal taken from that order as well. A panel of this court affirmed the district court's judgment, but concluded that the district court lacked jurisdiction to consider the Fed.R.Civ.P. 60(b) motion. Gilbert v. Metzler, Nos. 91-2258/93-1797, 1994 WL 180301 (6th Cir. May 10, 1994).
 
 
 4
 While the case was pending before this court on the earlier appeals, Metzler filed a petition in bankruptcy, and the bankruptcy court determined that the district court's judgment is not dischargeable in bankruptcy. Thereafter, the district court granted plaintiff's motion to appoint a receiver for Metzler, his wife and their corporations. The receiver then moved the district court for authority to settle pending state court litigation involving Metzler. After this court's mandate issued, the district court again considered Metzler's Fed.R.Civ.P. 60(b) motion for relief from judgment. The district court denied the motion as without merit, and Metzler filed a timely notice of appeal taken from the district court's order docketed as Appeal No. 94-2051. Next, the district court granted the receiver's motion and entered an order authorizing the receiver to settle the pending state court litigation. Metzler filed a timely notice of appeal taken from this order docketed as Appeal No. 94-2251.
 
 
 5
 On appeal, Metzler argues that the district court abused its discretion: (1) in denying his motion for relief from judgment; and (2) in granting the receiver authority to settle the pending state court claims. Appellee responds that: (1) the district court lacked jurisdiction to consider the Fed.R.Civ.P. 60(b) motion for relief from judgment; (2) the district court did not abuse its discretion in denying the motion; (3) the district court did not abuse its discretion in authorizing the receiver to settle the pending state court claims. Upon consideration, the orders are affirmed because the district court did not abuse its discretion in denying Metzler's Fed.R.Civ.P. 60(b) motion, see Lewis v. Alexander, 987 F.2d 392, 395-96 (6th Cir.1993), or in authorizing the receiver to settle Metzler's claims. See SEC v. Hardy, 803 F.2d 1034, 1037 (9th Cir.1986). We also note that the district court had jurisdiction to consider the Fed.R.Civ.P. 60(b) motion after this court's mandate issued. See United States v. Stafford, 29 F.3d 181, 183 (5th Cir.1994); United States v. Cook, 592 F.2d 877, 880 (5th Cir.), cert. denied, 442 U.S. 921 (1979).
 
 
 6
 Accordingly, the orders of the district court are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Edward H. Johnstone, United States District Judge for the Western District of Kentucky, sitting by designation