# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2010

No. 09-20142
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RHONDA FLEMING,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-513-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rhonda Fleming has filed an interlocutory appeal from the denial of her motion to dismiss the 67-count indictment against her for conspiracy, health care fraud, wire fraud, and money laundering. The denial of a motion to dismiss an indictment on double jeopardy grounds is immediately appealable under the collateral order doctrine. *Abney v. United States*, 431 U.S. 651, 662 (1977). Nonetheless, during the pendency of this interlocutory appeal, Fleming has been convicted of all counts. The district court was not divested of jurisdiction during

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the pendency of this appeal because it found that the motion to dismiss was frivolous. *See United States v. Dunbar*, 611 F.2d 985, 988 (5th Cir. 1980) (en banc).

Contending that the pre-indictment revocation of her supervised release and subsequent resentencing was based on the same conduct, Fleming argues that the instant prosecution violates the Double Jeopardy Clause and principles of collateral estoppel. The district court's denial of Fleming's motion to dismiss the indictment is AFFIRMED.

The revocation sentence was not punishment for the charged offenses, but for the offense for which supervised release had been imposed. *See Johnson v. United States*, 529 U.S. 694, 700 (2000); *United States v. Jackson*, 559 F.3d 368, 371 (5th Cir. 2009). Thus, Fleming is not being punished twice for the same offense. *See United States v. Carlton*, 534 F.3d 97, 101 (2d Cir.), *cert. denied*, 129 S. Ct. 613 (2008); *United States v. Wyatt*, 102 F.3d 241, 245 (7th Cir. 1996).

Because revocation proceedings are not "essentially criminal," the instant prosecution does not constitute a second prosecution for the same offense. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *United States v. Whitney*, 649 F.2d 296, 298 (5th Cir. 1981). Accordingly, the doctrine of collateral estoppel is inapplicable. *See Ashe v. Swenson*, 397 U.S. 436, 445 (1970); *Showery v. Samaniego*, 814 F.2d 200, 203 (5th Cir. 1987).

Fleming's motion for oral argument is DENIED. *See* FED. R. APP. P. 34(a)(2)(C). Fleming's emergency motion for a stay of trial proceeding, related letter, and motion for bail pending appeal in which she asserts that the district court lacks jurisdiction are DENIED. *See Dunbar*, 611 F.2d at 989.